The STATE of Ohio, Appellee,

v.

HOLLIS, a.k.a. Dorsey, Appellant.

[Cite as *State v. Hollis* (1993), 91 Ohio App.3d 371.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65186.

Decided Nov. 1, 1993.

372

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Rebecca J. Greenberg,* Assistant Prosecuting Attorney, for appellee.

*Henry R. Freeman,* for appellant.

*Per Curiam.*

Defendant-appellant Felicia Hollis, a.k.a. Felicia Dorsey, appeals the judgment of the court of common pleas which denied her motion to withdraw guilty plea. Appellant argues that the unresolved question of whether a six-year statute of limitations (R.C. 2901.13) elapsed in her welfare fraud case and precluded her from entering an intelligent plea, and whether the court abused its discretion in denying her motion to withdraw such a plea.

Appellant's assignment of error has merit. For the reasons which follow, the judgment of the trial court is reversed.

Appellant was indicted for theft of warrants and monies owned by the Department of Human Services (R.C. 2913.02) [1] and for trafficking in food stamps (R.C. 2913.46).[2] This indictment was issued on June 23, 1992, approximately seven and one-half years after the alleged criminal activity occurred, *viz.,* May

---

1. Appellant's indictment states that she "knowingly and by deception, obtained or exerted control over warrants and money with the purpose to deprive the owner, Cuyahoga County Department of Human Services, of said property or services. The value of said property and services being $300.00 or more, but less than $5,000.00." R.C. 2913.02(B) specifies this offense as a felony of the fourth degree.

2. R.C. 2913.46(C) specifies this offense as a felony of the third degree.

1984 to December 1984. Appellant was arraigned on September 22, 1992. On December 22, 1992, after three pretrials, appellant entered into a plea bargain whereby the state offered to dismiss the trafficking charge if appellant agreed to plead guilty to theft. The state further offered to reduce the theft offense to petty theft if appellant paid restitution in the amount of $2,566 prior to sentencing.

Before accepting appellant's plea, the court raised, but did not resolve, the question of whether the six-year limitation on criminal prosecutions had elapsed. The court, then, immediately proceeded to apprise appellant of the consequences of waiving her constitutional right to trial pursuant to Crim.R. 11 and accepted her plea. The court set February 1, 1992 as the sentencing date. However, on January 28, 1992, appellant filed a motion to dismiss and motion to withdraw guilty plea, pursuant to Crim.R. 12(B)(2) and Crim.R. 32.1. Subsequent to its hearing, the court denied appellant's motion.

"The trial court abused its discretion in the denial of defendant's motion to withdraw guilty plea."

"Although a motion to withdraw a guilty plea, filed after sentence has been imposed, should be granted only to correct manifest injustice, a motion to withdraw filed before sentencing should be freely allowed.

"Appellate review of a trial court's denial of a motion to withdraw is limited to a determination of abuse of discretion, regardless whether the motion to withdraw is filed before or after sentencing.

"A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863, paragraphs one, two and three of the syllabus.

"*Prosecution for a fraud offense is barred by the six-year limitations period specified in R.C. 2901.13(A) unless the indictment is returned either:* (1) within the original six-year period if the offense is discovered sooner than five years from the date of the offense, or (2) within one year after discovery of the offense where discovery occurs at some time during the fifth year of the six-year limitations period, or (3) *within one year after discovery of the offense if discovery occurs after the six-year limit has run.* (R.C. 2901.13[B] and [F], reconciled.)

"The state bears the burden of proving that the time when a crime was committed comes within the appropriate statute of limitations." (Emphasis added.) *State v. Dauwalter* (1988), 43 Ohio Misc.2d 17, 540 N.E.2d 336, paragraphs one and two of the syllabus.[3]

■ Upon review, we find that the first, second and fourth elements of the standard set forth in *Peterseim, supra,* were not met in the instant case and that the state failed to prove that its prosecution was timely.

In *Peterseim,* this court affirmed the trial court's denial of the defendant's motion to withdraw a guilty plea, based upon the fact that the record affirmatively demonstrated highly competent representation on the part of the prosecuting and defending attorneys and the fact that the court "went to unusual lengths to make certain that appellant fully understood the nature and consequences of the plea." *Id.,* 68 Ohio App.2d at 214, 22 O.O. at 342, 428 N.E.2d at 866.

As evidenced by the following colloquy, the record fails to demonstrate that appellant received highly competent representation or that the court "went to unusual lengths to make certain" that appellant was entering an intelligent plea pursuant to Crim.R. 11:

"THE COURT: And you weren't on probation or parole [in] 1984, when these events occurred?

"THE DEFENDANT: No.

"THE COURT: Is that right? *What is the Statute of Limitations here?*

"THE PROSECUTOR: *I am not sure.*

"THE COURT: *Anybody think about that?*

"DEFENSE COUNSEL: *I didn't look at the Statute of Limitations.* I think it's when—

"THE COURT: *The date of discovery. I will take a look at that."* [4] (Emphasis added.)

---

**3.** This court adopted and applied the *Dauwalter* holding in *State v. Mitchell* (1992), 78 Ohio App.3d 613, 605 N.E.2d 978, and *State v. Embry* (Dec. 19, 1991), Cuyahoga App. No. 61835, unreported, 1991 WL 271464. It was determined in both of these welfare fraud cases that the issue of time limitation was jurisdictional and, hence, could not be waived.

**4.** The record fails to demonstrate that the court determined the "date of discovery" in this case. Since appellant was indicted seven and one-half years after her alleged fraudulent crime, her prosecution would be timely only if it was commenced within one year after the date of discovery. See *Dauwalter, supra,* at paragraph one of the syllabus. The record is devoid, however, of any evidence which confirms a particular date of discovery. The only reference made to this matter is the following statement made by the court to appellant, during appellant's motion to withdraw hearing:

The court then continued its Crim.R. 11 inquiry and accepted appellant's guilty plea, without seeking confirmation that the appellant knew the status of the statute of limitations issue such that she would be capable of entering an intelligent plea. See *State v. Dickey* (1984), 15 Ohio App.3d 151, 15 OBR 308, 473 N.E.2d 837.[5]

Further evidence of defense counsel's incompetence is demonstrated by several statements made during appellant's motion to withdraw hearing.

On direct and cross-examination, appellant stated that she asked counsel to determine the statute of limitations issue as early as October 13, 1992 but never received a definitive answer from him. Hence, she assumed that the issue had been resolved. The trial court also criticized defense counsel's representation, stating, *inter alia*, that appellant was "welcome to talk and look down the barrel at [defense counsel] but that was not a basis to vacate a plea." Counsel, himself, admitted, on the record, that he failed to follow up on discovery motions which would have provided the necessary information and further failed to file motions to dismiss based upon his belief that the state's prosecution may have been untimely.

We find that these omissions seriously prejudiced appellant, a first-time offender, as they fundamentally compromised her ability to enter an intelligent plea.

Crim.R. 11 mandates a court to make certain that a defendant enters a knowing, voluntary and intelligent plea. Hence, we must ask ourselves, has appellant entered a knowing, voluntary and intelligent plea of guilt where the record affirmatively demonstrates that none of the parties to the plea, including appellant, knew whether the applicable statute of limitations had elapsed? We think not.

"A plea of guilty following a trial and prior to sentencing effectively waives all appealable errors which may have occurred at trial, *unless such errors are shown*

---

"THE COURT: Hold on, but this is one time you heard something about statute of limitations coming from the judge's lips, one time?
"THE WITNESS: Right.
"THE COURT: You don't recall the lawyers saying they had satisfied themselves that it [the statute of limitations] wasn't a defense? You don't recall that part of it?
"THE WITNESS: I don't remember them saying anything."
Appellant's response to the court is supported by the record. As previously discussed, statements made by the state and defense counsel, immediately prior to the entry of appellant's plea, indicate that neither was sure whether limitations had run with respect to appellant's offenses.

**5.** In *Dickey*, this court reversed the trial court's denial of the defendant's motion to withdraw because the court failed to apprise the defendant of an affirmative defense specified in his concealed-weapon charge.

*to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 and Boykin v. Alabama (1969), 395 U.S. 238, 243, [89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279]."* (Emphasis added.) *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus.

Crim.R. 11 provides in relevant part:

"(C) Pleas of Guilty and No Contest in Felony Cases.

" * * *

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, *with understanding of the nature of the charge* and of the maximum penalty involved, and, if applicable, that he is not eligible for probation." (Emphasis added.)

■ Implicit in "understanding the nature of the charge" is a determination by the court that the defendant knows that his or her indictment is valid and that his or her prosecution is timely.

■ By entering a plea of guilty a criminal defendant does not waive his objections to the subject matter jurisdiction of the court. *State v. Riggins* (1980), 68 Ohio App.2d 1, 22 O.O.3d 1, 426 N.E.2d 504, paragraph one of the syllabus. See, also, *State v. Mitchell* (1992), 78 Ohio App.3d 613, 605 N.E.2d 978, and *State v. Embry* (Dec. 19, 1991), Cuyahoga App. No. 61835, unreported, 1991 WL 271464, citing *Cleveland v. Hirsch* (1971), 26 Ohio App.2d 6, 55 O.O.2d 26, 268 N.E.2d 600, but, cf., *State v. Brown* (1988), 43 Ohio App.3d 39, 539 N.E.2d 1159, where the Hamilton County Court of Appeals held that R.C. 2901.13 was a statute of limitations, not a statute of repose, and that its application in a given case was waived by the defendant's guilty plea.

In both of the above-cited welfare fraud cases, this court held the issue of proper time limitation to be jurisdictional and affirmed a dismissal in *Mitchell*, based upon invalid indictments, and vacated a conviction in *Embry*, based upon an incorrect application of R.C. 2901.13.

We note that at the time the trial court denied appellant's motion to withdraw, there was a fifty-percent chance that she had pled guilty to an offense whose statute of limitations had elapsed. A necessary corollary of this premise is that there was an identical chance that the trial court accepted appellant's plea when it lacked jurisdiction to do so.

Because the record affirmatively demonstrates evidence of the possibility of untimely prosecution, we are precluded from presuming regularity in this case.

In light of defense counsel's admitted and continuing incompetence, the state's uncertainty with respect to the timeliness of its prosecution, the less than "full" hearings afforded to appellant, and the liberality with which motions to withdraw should be granted under *Peterseim, supra*, we find that there was justification for appellant's motion to withdraw and that the court acted unreasonably in denying same.

In conclusion, we emphasize that a properly entered guilty plea waives all appealable errors; however, in this case, continuing uncertainty regarding the applicable statute of limitations precluded appellant from entering a knowing, voluntary and intelligent plea. See *State v. Kelley, supra*.

We further emphasize that our reversal is limited to the unique facts of the instant case and the state of its record.

Appellant's sole assignment of error is sustained and the judgment of the trial court is reversed.

This case is remanded for a determination whether the state's prosecution is timely under R.C. 2901.13 and, if so, whether appellant wishes to plead guilty or to proceed to trial on the merits. It is so ordered.

*Judgment reversed*
*and cause remanded.*

DYKE, C.J., BLACKMON and PORTER, JJ., concur.