OPINION
Appellant Anthony Roberson appeals the decision of the Stark County Court of Common Pleas that denied his motion to withdraw his guilty plea. The following facts give rise to this appeal. On August 6, 1992, the Stark County Grand Jury secretly indicted appellant on two counts of aggravated trafficking. Prior to these charges, on November 1, 1991, the Stark County Grand Jury indicted appellant on one count of drug abuse and one count of driving under suspension. On August 13, 1992, appellant pled guilty to these charges and the trial court sentenced him to a determinate term of six months. On January 26, 1993, appellant appeared for trial on the two counts of aggravated trafficking. During a pre-trial hearing, appellant moved to dismiss the charges on speedy trial grounds. The trial court denied the motion. Appellant's trial commenced and during the jury voir dire process, appellant requested a continuance in order to obtain new counsel. The trial court granted appellant's request. Thereafter, on February 24, 1993, appellant appeared with new counsel and pled guilty to the charges. The trial court sentenced appellant to an indeterminate term of six to twenty-five years, with five years actual incarceration for count one and a concurrent indeterminate term of three to fifteen years, with three years actual incarceration for count two. While this matter was still pending before the trial court, on January 22, 1993, the State of Ohio filed a complaint for forfeiture of money and a 1983 Chevy Blazer. On June 17, 1993, the trial court granted the state's request for forfeiture. Appellant appealed this decision and we dismissed the forfeiture action as being untimely. On August 27, 1998, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The trial court denied appellant's motion on September 21, 1998. Appellant appealed the trial court's decision and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY SUMMARILY DENYING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEA.
 I
In his sole assignment of error, appellant contends the trial court abused its discretion when it denied his motion to withdraw his guilty plea without conducting an evidentiary hearing. In support of his motion, appellant claims he was denied his constitutional right to a speedy trial therefore entitling him to withdraw his guilty plea. We disagree. Crim.R. 32.1 provides, in pertinent part, "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Appellate review of a trial court's denial of a motion to withdraw a plea is limited to a determination of abuse of discretion. That is, whether the trial court's decision is unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Hollis (1993), 91 Ohio App.3d 371,373; State v. Maurer (1984), 15 Ohio St.3d 239, 250. A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel; (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. Hollis at 373; State v. Peterseim (1980),68 Ohio App.2d 211, 214. Upon review of the record, we find the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea on the basis that he was denied his constitutional right to a speedy trial. The record indicates that appellant has raised the speedy trial issue on two previous occasions. See State v. Roberson (July 31, 1995), Stark App. No. CA 9272, unreported and State v. Roberson (Nov. 1, 1995), Stark App. No. 9272. (Denial of an Application to Reopen pursuant to App.R. 26(B).) In both of these decisions, we found appellant was not denied his right to a speedy trial. Thus, the speedy trial issue raised by appellant, in support of his motion to withdraw his guilty plea, is barred by res judicata. The trial court did not abuse its discretion in denying appellant's motion. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Ple2-4 as, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Hoffman, J., and Edwards, J., concur.