OPINION
Appellant Robert Lawless appeals the decision of the Muskingum County Court of Common Pleas that denied his motion to withdraw his guilty plea. The following facts give rise to the appeal. In November 1985, the Muskingum County Grand Jury indicted appellant for one count of trafficking in marihuana. Appellant entered a plea of not guilty to the charge. On March 10, 1986, appellant appeared before the trial court, withdrew his previous not guilty plea, and entered a plea of guilty. Prior to entering his guilty plea, appellant executed a "Plea of Guilty" form wherein he indicated he understood that he was waiving certain constitutional rights by entering a guilty plea and further understood the possible sentences he could receive as a result of his guilty plea. After the completion of a pre-sentence investigation, on April 30, 1986, the trial court sentenced appellant to a determinate sentence of one and one-half years. On August 29, 1986, the trial court granted appellant's motion for shock probation, released appellant from prison and placed him on probation for a period of three years. Appellant successfully completed his conditions of probation. Thereafter, on February 3, 1999, the Muskingum County Grand Jury indicted appellant for one count of possessing a weapon while under disability. This charge was the result of an incident appellant had with his brother. As a result of this charge, on March 10, 1999, appellant filed a written motion for withdrawal of his guilty plea entered in the 1986 trafficking case. In support of his motion, appellant argues that when he entered his guilty plea to the charge of trafficking in marihuana, he did not know that as a result of his guilty plea, he would lose his constitutional right to own or possess weapons. By judgment entry dated March 25, 1999, the trial court denied appellant's motion to withdraw his guilty plea. Appellant filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. WHETHER THE MOTION FOR WITHDRAWAL OF GUILTY PLEA FILED BY THE DEFENDANT-APPELLANT WAS MOOT.
 II. WHETHER THE MOTION FOR WITHDRAWAL OF GUILTY PLEA FILED BY THE DEFENDANT-APPELLANT WAS FILED UNTIMELY.
 III. WHETHER THE DENIAL OF THE MOTION FOR WITHDRAWAL OF GUILTY PLEA BY THE COURT PREJUDICED THE DEFENDANT-APPELLANT.
 IV. WHETHER THE DENIAL OF THE MOTION FOR WITHDRAWAL OF GUILTY PLEA BY THE COURT IS "REVERSIBLE ERROR".
 V. WHETHER THE DENIAL OF THE MOTION FOR WITHDRAWAL OF GUILTY PLEA BY THE COURT IS "FUNDAMENTAL ERROR".
 I, II, III, IV, V
We will address all five of appellant's assignments of error simultaneously as all concern the withdrawal of his guilty plea. Appellant claims the trial court erred in denying his motion to withdraw his guilty plea because he did not know when he entered his guilty plea to the charge of trafficking in marihuana that he would not be able to own or possess firearms as a result of his conviction. We disagree. Appellate review of a trial court's denial of a motion to withdraw a guilty plea is limited to a determination of abuse of discretion. That is, whether the trial court's decision is unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Hollis (1993),91 Ohio App.3d 371, 373; State v. Maurer (1984), 15 Ohio St.3d 239,250. A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel; (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. Hollis at 373; State v. Peterseim (1980), 68 Ohio App.2d 211. The record reflects that although appellant requested "transcripts", when he filed his notice of appeal, he did not have prepared and transmitted, for purposes of this appeal, a transcript of the plea hearing conducted on March 10, 1986. Nor did appellant submit a statement of evidence pursuant to App.R. 9(C). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the trial court's proceedings and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Because appellant did not provide the court with the transcript of the March 10, 1986 change of plea hearing, we must presume the regularity of the proceedings below and affirm. We have reviewed the "Plea of Guilty" form appellant executed on March 10, 1986. This form complies with the requirements of Crim.R. 11 concerning the rights a defendant will waive by entering a guilty plea. Pursuant to Knapp and the "Plea of Guilty" form, we find the trial court did not abuse its discretion when it overruled appellant's motion to withdraw his guilty plea. Appellant's First, Second, Third, Fourth and Fifth Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed. By: Wise, P.J. Gwin, J., concurs. Hoffman, J., concurs separately.