JOURNAL ENTRY AND OPINION
Appellant, Julian Robinson, is appealing his conviction for four counts of sexual battery of a person under thirteen. For the following reasons, we affirm.
On March 28, 1998, appellant was indicted for fifteen counts of rape. The victim was Danielle Iverson, date of birth October 30, 1979. The indicted listed the date of offense as September 30, 1986 to March 31, 1987. Appellant's date of birth is September 30, 1968.
Appellant and the prosecutor reached a plea agreement, whereby appellant would plead guilty to four counts of sexual battery. They further agreed that appellant would receive a sentence of two years on each count, to run consecutively.
At the plea hearing, the trial court informed appellant of the rights he was waiving and the consequences of his plea. Appellant indicated he understood. He pleaded guilty to the four counts of sexual battery.
At the sentencing hearing, the relatives of the victim stated that the victim was only five or six years old when appellant committed the acts. They said that the acts occurred when appellant's mother babysat the victim. Appellant's mother babysat the victim from the time the victim was two years old until she was seven. The victim's mother testified that she learned about the offense three years ago.
Appellant's attorney mentioned that appellant confessed to the police. Appellant stated he was fifteen or sixteen years old when he "did some things . . . I'm really sorry for."
When the court heard evidence concerning sex offender status, a police report from the victim was mentioned. The victim stated that she was molested when she was five or six years old. Appellant confessed to the police that he had fondled the victim numerous times and had intercourse with her when his mother was babysitting her.
 I.
Appellant's first assignment of error states:
APPELLANT'S INDICTMENT WAS INVALID.
Voluntarily entering a guilty plea waives the right to contest non-jurisdictional defects that occurred before the plea was entered. State v. Kelley (1990), 57 Ohio St.3d 127. By voluntarily entering a guilty plea, appellant waived his right to a direct appeal of any alleged defects in the indictment. SeeStacy v. Van Coren (1969), 18 Ohio St.2d 188; State v. Hill (Feb. 4, 1993), Cuyahoga App. No. 61685, unreported. Appellant contends the court lacked jurisdiction because the offenses occurred before appellant had turned eighteen.
Appellant contends the indictment was invalid because if the offenses occurred when the victim was five or six, the offenses had to have occurred before appellant's eighteenth birthday. Even if the offenses only occurred when the victim was five and six, the victim was six until October 30, 1986. Appellant's eighteenth birthday was September 30, 1986. Moreover, the record indicated that the offenses were ongoing while appellant's mother babysat the victim. Appellant's mother babysat the victim from the time she was two until she was seven. Appellant did not show that the trial court lacked jurisdiction.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
APPELLANT'S INDICTMENT WAS BARRED BY THE STATUTE OF LIMITATIONS.
The statute of limitations is jurisdictional, and is not waived by a guilty plea. State v. Hollis (1993), 91 Ohio App.3d 371, 377. In Hollis, the record was clear that neither the defense attorney or the prosecutor knew what statute of limitations applied in that case. In this case, there is no indication on the record that appellant or his attorney was unaware of the statute of limitations, or that there was a possibility the prosecution was untimely. In the case at hand, regularity can be presumed. The burden is on appellant to show that the plea was not voluntary. See Hollis at 375, citing State v. Kelley (1991), 57 Ohio St.3d 127.
The statute of limitations for a felony other than murder or aggravated murder is six years. R.C. 2901.13. Appellant was indicted more than six years after the crime occurred. However, the statute of limitations does not run when the corpus delicti
remains undiscovered. R.C. 2901.13(F).
The victim is presumed to become aware of the crime when he or she turns eighteen, and the statute of limitations will no longer be tolled. See State v. Hughes (1994), 92 Ohio App.3d 26, 29. The victim turned eighteen on October 30, 1997, 50 the statute of limitations did not expire until six years after that date.
For child abuse, the corpus delicti may also be discovered by a "responsible adult." See State v. Hensley (1991), 59 Ohio St.3d 136,141. A "responsible adult," includes only the persons listed in R.C. 2151.421, and does not include parents. Id.
Therefore, the fact that the victim's mother knew about the allegations three years ago does not matter for statute of limitations purposes. Even if appellant's mother knew about the allegations three years before the sentencing hearing, the statute of limitations would not expire until six years after September 25, 1995.
The victim's report to the police states that the victim received counseling for the abuse. The dates of counseling are not indicated. There is no evidence on the record that the defense attorney failed to discover facts concerning when the victim spoke to these counselors. This case is distinguishable from Hollis, where defense counsel never even considered whether the statute of limitations had run.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
APPELLANT WAS DENIED THE OPPORTUNITY FOR JUVENILE REHABILITATION.
As discussed above, appellant was indicted for acts which occurred when he was eighteen years old or older. The Juvenile Court did not have jurisdiction over these acts. See, State v.Neguse (1991), 71 Ohio App.3d 596, 605.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 APPELLANT WAS SUBJECT TO INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL.
A guilty plea waives the right to claim that one was prejudiced by ineffective assistance of counsel except to the extent that such ineffective assistance made the plea less than knowing and voluntary. State v. Barnett (1991), 73 Ohio App.3d 244, 248. In order to establish such prejudice, the defendant must show that there is a reasonable probability that, but for the deprivation of his Sixth Amendment right, he would not have pled guilty and would have insisted on going to trial. State v. Carter (1998),128 Ohio App.3d 419, 423.
Appellant asserts his counsel was ineffective for failing to object to the indictment. As discussed above, appellant did not show a defect in the indictment.
Appellant contends his counsel should have filed a motion to dismiss the case as barred by the statute of limitations. There is no evidence on the record showing that the statute of limitations had run. There was no evidence that appellant's attorney failed to discover material facts concerning the statute of limitations. Appellant did not demonstrate that there was a reasonable probability appellant would not have pled guilty if his attorney filed a motion to dismiss the case as barred by the statute of limitations.
Appellant argues his counsel was ineffective for failing to move to suppress appellant's statement to the police. Appellant did not demonstrate that he would not have pleaded guilty had the motion to suppress been filed. See State v. Elliott (1993),86 Ohio App.3d 792, 795. Appellant's claim that trial counsel should have filed a motion to suppress is based entirely upon factsdehors the record. Id. Moreover, a guilty plea constitutes a waiver of alleged errors by the trial court in not suppressing evidence. Id. Appellant feels his counsel erred by failing to request a presentence investigation, which would have revealed mitigating factors for sentencing as set out in R.C. 2929.12 and2929.13. Counsel did not err, because the plea agreement contained an agreed upon sentence. Appellant has not shown how failure to request a presentence investigation prejudiced him. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, State v. Bradley (1989). 42 Ohio St.3d 136.
Appellant did not demonstrate his counsel was ineffective.
Accordingly, this assignment of error is overruled.
 V.
Appellant's fifth assignment of error states:
 THE TRIAL COURT'S CLASSIFICATION OF APPELLANT AS A SEXUALLY ORIENTED OFFENDER PURSUANT TO O.R.C. § 2950.01 ("MEGAN'S LAW") VIOLATES § 1. ARTICLE I OF THE OHIO CONSTITUTION.
The Lake County Court of Appeals found that R.C. 2950.01
violates Sec. 1, Article I of the Ohio Constitution. State v.Williams (Jan. 29, 1999), Lake App. No. 97-6-191, unreported. This court has rejected the reasoning of Williams, and continues to hold the statute constitutional. See State v. Eppinger (March 11, 1999), Cuyahoga App. No. 72686, unreported.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J. AND CORRIGAN, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE