OPINION
Defendant-appellant Ricky Amstutz appeals the November 17, 1999 Judgment Entry of the Stark County Court of Common Pleas, which denied his Motion for Withdrawal of Guilty Plea, and the November 18, 1999 Judgment Entry of the Stark County Court of Common Pleas, which dismissed his Petition to Vacate or Set Aside Sentence. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE AND FACTS
On March 11, 1999, appellant plead guilty to and was sentenced on an amended charge of manslaughter with a firearm specification and one count of having weapons while under a disability. This Court affirmed appellant's conviction and sentence on November 8, 1999. Prior to our decision on appellant's direct appeal, appellant filed a Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21 (post-conviction relief) on September 8, 1999. On November 17, 1999, appellant filed a Motion for Withdrawal of Guilty Plea, and a Petition to Amend Post-Conviction. As noted supra, the trial court overruled both the motion and petition via judgment entries filed November 17, 1999, and November 18, 1999, respectively. On February 9, 2000, appellant filed a Motion for Leave to file a delayed appeal. This Court granted appellant's motion for leave to file a delayed appeal on March 20, 2000. Appellant assigns as error:
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW BY THE TRIAL COURT'S DENIAL OF HIS PETITION FOR POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
 II. APPELLANT WAS DENIED DUE PROCESS OF LAW BY THE TRIAL COURT'S DENIAL OF HIS MOTION FOR WITHDRAWAL OF GUILTY PLEA WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
 III. THE TRIAL COURT'S JUDGMENT ENTRY SUMMARILY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF WAS INSUFFICIENT AS A MATTER OF LAW.
 I, III
We dismiss this portion of appellant's appeal from the trial court's November 18, 1999 Judgment Entry as being improvidently granted. A delayed appeal pursuant to App.R. 5(A) is not available in the appeal of a post-conviction relief determination pursuant to R.C. 2953.23(B). State v. Nichols (1984), 11 Ohio St.3d 40, syllabus 1.
 II
The standard of review this Court employs when reviewing a trial court's ruling on a defendant's motion to withdraw a plea is abuse of discretion. To find an abuse of discretion, we must determine that the trial court's decision was more than an error of law or judgment, that it was unreasonable, arbitrary or unconscionable. State v. Maurer (1984),15 Ohio St.3d 239, 250; State v. Hollis (1993), 91 Ohio App.3d 371. Crim.R. 32.1 states: A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the Defendant to withdraw his or her plea.
Appellant argues three grounds as justification for withdrawal:
 1) His trial attorney told him that he could withdraw his guilty plea within thirty (30) days if he changed his mind;
 2) He had no sleep from Friday to Monday prior to his guilty plea;
3) He has psychological problems.
Appellant's Brief at 12.
A trial court need not conduct an evidentiary hearing on a post-sentence motion to withdraw a guilty plea where the facts alleged by the defendant, even if accepted as true, would not require withdrawal of the plea. State v. Blatnik (1984), 17 Ohio App.3d 201 . A request for a hearing to withdraw a guilty plea after sentencing is similar to a request for a hearing on a petition for post-conviction relief. State v. Collins (May 24, 1999), Delaware App. No. 98-CAC-02-011, unreported. A defendant seeking post-conviction relief is entitled to a hearing when there are substantive grounds for relief which would warrant a hearing based upon the petition, supporting affidavits and the files and records in the case. State v. Strutton (1988), 62 Ohio App.3d 248, 251,575 N.E.2d 466. A hearing on a post-sentence motion to vacate a guilty plea is not required unless the facts as alleged by the defendant, if accepted as true, would require the guilty plea to be withdrawn. City of Uhrichsville v. Horne (Dec. 26, 1996), Tuscarawas App. No. 96AP090059, unreported, citing Blatnik, supra. The party moving to withdraw the guilty plea must support the allegations contained in the motion with affidavits and/or the record. Id. Further, in a post-conviction relief proceeding, a defendant is not entitled to a hearing where he or she failed to provide evidentiary quality materials in support of the petition raising sufficient operative facts which would entitle the defendant to the requested relief. State v. Jackson (1980),64 Ohio St.2d 107. Appellant was required to present evidence which met a minimum level of cogency to support his claims. State v. Combs (1982),2 Ohio St.3d 112, 115. The Ohio Supreme Court has held a petitioner's self-serving affidavit does not meet his minimum level of cogency. State v. Kapper (1983), 5 Ohio St.3d 36, 38. In addition, the Ohio Supreme Court has held a trial court may, in the sound exercise of its discretion, judge the credibility of the affidavits in determining whether to accept affidavits as true statements of fact. State v. Calhoun (1999), 86 Ohio St.3d 279. As to appellant's first asserted ground for withdrawal (i.e., he was erroneously advised by his attorney), appellant's affidavit wherein he claims to have requested his Attorney Wayne Graham move to withdraw his plea is self-serving. Appellant did not present any additional evidence to support this claim. Accordingly, the trial court could deny the motion to withdraw on this basis without a hearing. Appellant's second ground for withdrawal (i.e., he suffered from a lack of sleep) is also self-serving, and, in light of the record made at the time of appellant's plea, even if true, insufficient to demonstrate his plea was unknowingly or involuntarily entered. Likewise, appellant's third ground for withdrawal (i.e., he has "psychological problems") is self-serving, and, even if true, is insufficient to rebut the record that his plea was knowingly and voluntarily entered. In his brief to this Court, appellant argues his mental state, as well as his lack of medication and sleep at the time of his plea, when coupled with expert testimony, would entitle him to withdraw his guilty plea. However, appellant has offered no such expert testimony to support his speculation. Given the record of appellant's plea, appellant's self-serving allegations, even if true, are insufficient to require withdrawal of the plea. We find the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea without conducting an evidentiary hearing. Appellant's second assignment of error is overruled.
The judgments of the Stark County Court of Common Pleas are affirmed.
Hoffman, J. Gwin, P.J. and Wise, J. concur