OPINION
{¶ 1} This is an appeal from a finding of guilt after a no contest plea.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant had been charged on June 9, 2001 with operating a motor vehicle while under the influence of alcohol (OMVI) and with a prohibited breath alcohol concentration (BAC) which tested at .327 and lane violations.
 {¶ 3} At two court appearances appellant had consumed alcohol, was found in contempt, with incarceration following each, thereby delaying the proceedings. These events occurred on June 29, 2001 and July 27, 2001.
 {¶ 4} Two motions to dismiss were filed on October 31, 2001 for speedy trial violation and asserting that he had not been charged with three prior OMVI offenses within a six year period, thereby removing this charge from a felony classification. The basis for the latter motion was that included in the three previous OMVI charges was one that occurred on June 9, 1995. Apparently June 9 is not a favorable day for appellant.
 {¶ 5} The November 2001 trial date was rescheduled due to the necessity of ruling on such motions, which took place on March 6, 2002. The new trial date was to be April 8, 2002.
 {¶ 6} Rather than proceeding to trial on such date, appellant entered a no contest plea and was found guilty.
 {¶ 7} Before sentencing appellant attempted to withdraw the no contest plea. Such was denied.
 {¶ 8} A timely notice of appeal was filed with three Assignment of Error.
 ASSIGNMENTS OF ERROR I. {¶ 9} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING DEFENDANT-APPELLANT'S MOTION TO DISMISS FOR FAILURE TO ALLOW FOR TIMELY TRIAL PURSUANT TO R.C. § 2945.71."
 II. {¶ 10} "THE TRIAL COURT COMMITTED PRUJUDICIAL ERROR BY FAILING TO DISMISS THE INDICTMENT AS A FELONY OFFENSE BECAUSE DEFENDANT-APPELLANT DID NOT HAVE THREE PRIOR OMVI OFFENSES WITHIN A SIX-YEAR PERIOD OF TIME."
 III. {¶ 11} "THE TRIAL COURT COMMITTED PRUJUDICIAL ERROR BY FAILING TO GRANT DEFENDANT-APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS PLEA OF NO CONTEST."
 II. {¶ 12} We must initially address the second Assignment of Error as if it were to be sustained, this would directly affect the sentencing factors relative to a misdemeanor as opposed to a felony.
 {¶ 13} Revised Code § 4511.99(A)(8)(a)(i) under which appellant was charged states:
 {¶ 14} "(8)(a)(i) If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, section 2903.04 of the Revised Code in a case in which the offender was subject to the sanctions described in division (D) of that section, section 2903.06, 2903.07, or 2903.08 of the Revised Code or a municipal ordinance that is substantially similar to section 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or a statute of the United States or of any other state or a municipal ordinance of a municipal corporation located in any other state that is substantially similar to division (A) or (B) of section 4511.19
of the Revised Code, and if sentence is not required to be imposed under division (A)(8)(a)(ii) of this section, the offender is guilty of a felony of the fourth degree and, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, may be sentenced to a definite prison term that shall be not less than six months and not more than thirty months. The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence either a mandatory term of local incarceration of one hundred twenty consecutive days of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of one hundred twenty consecutive days of imprisonment in accordance with division (G)(2) of that section. If the court requires the offender to serve a mandatory term of local incarceration of one hundred twenty consecutive days of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code, the court, pursuant to section 2929.17 of the Revised Code, may impose upon the offender a sentence that includes a term of electronically monitored house arrest, provided that the term of electronically monitored house arrest shall not commence until after the offender has served the mandatory term of local incarceration."
 {¶ 15} Revised Code § 2945.71 as to trial time constraints provides:
 {¶ 16} "(A) Subject to division (D) of this section, a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons.
 {¶ 17} "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 18} "(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;
 {¶ 19} "(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
 {¶ 20} "(C) A person against whom a charge of felony is pending:
 {¶ 21} "(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge;
 {¶ 22} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest.
 {¶ 23} "(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section.
 {¶ 24} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.
 {¶ 25} "(F) This section shall not be construed to modify in any way section 2941.401 or sections 2963.30 to 2963.35 of the Revised Code."
 {¶ 26} Criminal Rule 45(A) affects the inclusion of the June 9, 1995 charge and states:
 {¶ 27} "(A) Time: computation
 {¶ 28} "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation."
 {¶ 29} Whether the June 9, 1995 offense is within the six year period preceding the instant charge of June 9, 2001 depends upon whether the prior conviction occurred on June 9, 1995 or June 10, 1995. The file does not indicate the conviction date from the Mentor Municipal Court.
 {¶ 30} The state's brief is inconsistent in this regard. It states "The convictions on June 9, 1995, August 28, 1995 and January 21, 1997."
 {¶ 31} Subsequently in the same paragraph it states "June 10, 1995 the date of prior conviction."
 {¶ 32} If the conviction based on the charge of June 9, 1995 occurred on such date it is outside of the six year period preceding the June 9, 2001 instant offense under Crim.R. 45(A). If the conviction occurred on June 10, 1995 for the June 9, 1995 offense, it is within such six year period.
 {¶ 33} Therefore, as to the second Assignment of Error we must vacate the finding of guilt as to a fourth degree felony and remand this cause for a review of the date of conviction on the June 9, 1995 charge to determine if the conviction is outside of the six year period and for further proceedings in accordance therewith.
 {¶ 34} Revised Code § 2945.71, controls as to the trial date from date of arrest unless delays are caused by his actions which extend the time for trial.
 I. {¶ 35} Returning then to the first Assignment of Error, appellant was arrested on June 9, 2001. On July 2, 2001 he was released on a personal bond. He was serving jail time for contempt charges between June 29, 2001 and July 2, 2001 and July 27, 2001 to September 25, 2001, which incarcerations were due to appellant's fault and unrelated to the initial arrest.
 {¶ 36} He would, of course, be entitled to a three days for one credit between June 9, 2001 and June 14, 2001.
 {¶ 37} At the time of filing his motions to dismiss on October 31, 2001, the trial time had expired and the further delay in trial was directly due to the filing of appellant's motions.
 {¶ 38} Therefore, appellant has incorrectly computed the applicable expired time which results in a rejection of the first Assignment of Error.
 III. {¶ 39} As to the third Assignment of Error, appellate review of a trial court=s denial of a motion to withdraw plea is limited to a determination of abuse of discretion; i.e. a determination of whether the trial court=s decision is unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. See: State v. Hollis (1993),91 Ohio App.3d 371; State v. Maurer (1984), 15 Ohio St.3d 239, 250. A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. See: Hollis,supra at 373; State v. Peterseim (1980), 68 Ohio App.2d 211.
 {¶ 40} The appellant was given an extensive explanation of his rights on April 8, 2002 when the no contest plea was entered.
 {¶ 41} Again, on May 28, 2002, when the motion to withdraw the plea was addressed, a complete discussion was held indicating that the motion was intended for appeal purposes along with the preserved issues referenced in the first and second Assignments of Error and was not intended as an indication of a trial desire. (T. at p. 3-4). Also, appellant was given the opportunity to provide further indications to the court. (T. at p. 9).
 {¶ 42} The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court=s decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 43} We find that no abuse of discretion occurred in the court's denial of the motion to withdraw the no contest plea and that appellant was afforded and informed all of his rights and provided ample opportunity for presentation of his intentions as to the initial plea and as to the motion.
 {¶ 44} The third Assignment of Error is overruled.
 {¶ 45} This cause is remanded for further proceedings in accordance herewith.
By: Boggins, J., Farmer, P.J and Wise, J. concur.