JOURNAL ENTRY AND OPINION
{¶ 1} Micah Williams has filed a timely application for reopening pursuant to App.R. 26(B). Williams is attempting to reopen the appellate judgment that was rendered in State v. Williams, Cuyahoga App. No. 88737, 2007-Ohio-5073, which affirmed his plea of guilty to the offenses of involuntary manslaughter with a firearm specification, kidnapping, aggravated robbery and tampering with records, but vacated the sentence of incarceration with regard to solitary confinement.
 {¶ 2} In the case sub judice, the doctrine of res judicata prevents the reopening of Williams' appeal. Errors of law that were either previously raised on appeal or could have been raised through an appeal may be barred from further *Page 3 
review based upon the doctrine of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from review by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Williams argues that "[t]he appellant was denied the effective assistance of appellate counsel in violation of his sixth andfourteenth amendment rights under the United States Constitution and Article I, § 10 of the Ohio Constitution for counsel's failure to raise the issue that trial counsel was ineffective for failure to challenge the trial court was without subject matter jurisdiction to accept a guilty plea under an amended indictment from aggravated murder to kidnapping that changed the name and identity of the crime charge[d] in violation of Crim .R. 7(D)."
 {¶ 4} The argument of the trial court's lack of jurisdiction to accept a plea of guilty to an amended indictment was previously raised in Williams' original appeal to this court through assignment of error one. This court found that the argument lacked merit and specifically held that:
 {¶ 5} "The trial court also explained the amendment of count 2 of the indictment from aggravated murder to kidnapping to Williams, and asked Williams, `Do you understand that amendment, sir?' Williams replied, `Yes, sir.' *Page 4 
 {¶ 6} "Williams therefore waived any errors under Crim.R. 7(D) associated with the amendment to the indictment by the trial court. Additionally, since Williams voluntarily participated in the amendment of the indictment as part of his plea agreement, he cannot now raise the issue as error to attack his conviction. Stacy v. Van Coren, supra, at 190. See, also, The State Ex Rel. Beaver v. Konteh, Warden,83 Ohio St.3d 519, 1998 Ohio 2295, 700 N.E.2d 1256." State v. Williams, supra, ¶ 17.
 {¶ 7} It must also be noted that Williams filed an appeal, pro se, with the Supreme Court of Ohio and raised the identical issue of the trial court's lack of jurisdiction to accept a plea of guilty to an amended indictment through proposition of law one. The Supreme Court of Ohio, however, dismissed Williams' appeal on February 6, 2008, on the basis that the appeal did not involve any substantial constitutional question. See State v. Williams, ___Ohio St.3d___, 2008-Ohio-381, ___N.E.2d___. Since the present issue as raised by Williams was raised and addressed before this court as well as the Supreme Court of Ohio, we find that the doctrine of res judicata bars any further consideration.State v. Dehler, 73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987;State v. Terrell, 72 Ohio St.2d 247, 1995-Ohio-54, 648 N.E.3d 1353;State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793. We further find that the circumstances pertinent to Williams do not render the application of the doctrine of res judicata unjust. State v. Murnahan, supra. *Page 5 
 {¶ 8} Accordingly, we decline to reopen Williams' appeal.
 {¶ 9} Application for reopening is denied.
 SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR *Page 1