[Cite as *State v. Williams*, 2014-Ohio-3589.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100639

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICAH WILLIAMS

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-05-469067-A

**BEFORE:** Stewart, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 21, 2014

**ATTORNEY FOR APPELLANT**

Vicki L. Ward
75 Public Square, Suite 600
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Amy E. Venesile
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

MELODY J. STEWART, J.:

**{¶1}** In August 2006, defendant-appellant Micah Williams pleaded guilty to amended charges of involuntary manslaughter, kidnapping, aggravated robbery, and tampering with evidence in connection with a charge of aggravated robbery that resulted in the shooting death of a young woman in Maple Heights. The trial court found him guilty and imposed sentence.

**{¶2}** After his conviction, Williams filed a direct appeal alleging six assigned errors. We affirmed his convictions, but we found that the court erred in ordering solitary confinement as part of the sentence and vacated that portion. *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073. The Supreme Court of Ohio denied further review of this matter. *State v. Williams*, 116 Ohio St.3d 1508, 2008-Ohio-381, 880 N.E.2d 483. In 2008, Williams requested that his appeal to this court be reopened, but we denied his request. *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2008-Ohio-1099.

**{¶3}** In April 2013, Williams filed a pro se motion to vacate his sentence, judgment, and conviction. In the motion, he argued that the trial court had lacked subject matter jurisdiction and that all orders and judgments of the trial court were thereby void. He also argued that he was deprived of the effective assistance of counsel.

**{¶4}** The trial court appointed counsel to represent Williams on his motion approximately six months later and set a hearing date for November 2013. However, prior to the scheduled hearing date, the trial court denied the motion and canceled the

hearing stating that because Williams had pleaded guilty, any claim with respect to subject matter jurisdiction was waived. Williams appeals this ruling.

{¶5} In two assignments of error, Williams argues (1) that the trial court erred by denying the motion to vacate his sentence based on the court's determination that he waived the right to challenge subject matter jurisdiction by pleading guilty, and (2) that the court erred by failing to hold a hearing on his motion to vacate. We find that Williams's claims lack merit for several reasons.

{¶6} A motion to correct or vacate a sentence is a petition for postconviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) the motion claims a denial of constitutional rights, (3) the motion seeks to render the judgment void, and (4) the motion requests a vacation of the judgment and sentence. *State v. Jackson*, 8th Dist. Cuyahoga No. 99929, 2014-Ohio-927, _ 16, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997).

{¶7} A petition for postconviction relief claiming a violation of a constitutional right must be filed no later than 180 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2). The time requirement for postconviction relief, pursuant to R.C. 2953.21(A), is jurisdictional. *State v. Hutton*, 8th Dist. Cuyahoga No. 80763, 2007-Ohio-5443, ¶ 23.

{¶8} An exception to the time requirement exists if it can be demonstrated that (1) the petitioner was unavoidably prevented from discovering the facts relied on in the claim for relief or that the United States Supreme Court recognized a new federal or state

right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1).

{¶9} Williams is clearly past the 180-day time frame for filing his motion, so in the absence of an exception to the time requirement, the trial court properly denied his motion without a hearing (a court is not required to hold a hearing on a petition for postconviction relief where the record and the petition fail to demonstrate that the defendant is entitled to relief, *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus), because the trial court would be without jurisdiction to consider it. As an exception to the time requirement, Williams argues that the United States Supreme Court has recognized a new federal right since his conviction that applies retroactively to him. That right, he argues, is the right to the effective assistance of counsel at the pleading stages of a criminal case, established anew by the United States Supreme Court case *Lafler v. Cooper*, 566 U.S. 1 ____, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). *Lafler* has created no new right to the effective assistance of counsel.

{¶10} In *Lafler*, the United States Supreme Court reiterated that a defendant's right to the effective assistance of counsel applies to pretrial stages that are part of the whole course of a criminal proceeding. *Id.* at 1387. This concept has been recognized for 30 years. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). Indeed, Williams's claims of ineffective assistance of counsel were considered and overruled in his direct appeal, so they are barred as res judicata.

{¶11} The doctrine of res judicata precludes a convicted defendant from raising an issue in a motion for postconviction relief if he raised or could have raised the issue on direct appeal. *State v. Sturdivant*, 8th Dist. Cuyahoga No. 98747, 2013-Ohio-584, ¶ 13, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph nine of the syllabus.

{¶12} Williams claims in his motion to vacate, as he argued in his direct appeal, that he received ineffective assistance of counsel during his 2006 plea negotiations where his counsel recommended that he reject the state's offer of a 20-year sentence in exchange for his plea to amended charges. Williams's counsel told him that he would receive a more favorable sentence from the trial court. Contrary to defense counsel's belief, after Williams pleaded guilty to the amended charges, the court convicted him of the multiple offenses and ran each sentence consecutively for a total of 30 years in prison.

{¶13} In his direct appeal, we determined that Williams was not deprived of the effective assistance of counsel where his lawyer offered a professional opinion based on his best prediction of what he thought the court would do: that opinion being based on years of experience and after consideration of all factors relating to Williams's case. *Williams* at _ 32. Williams faced aggravated murder charges with capital murder specifications. And even with the plea arrangement and reduction of the charges, the time in prison that the court could have imposed was up to 38 years. *Id*. at _ 33. We

determined that the fact Williams took the advice of his counsel and allowed the trial court to sentence him did not equate to a showing that his counsel's performance fell below an objective standard of reasonable representation. *Id*.

{¶14} The Supreme Court's decision in *Lafler* recognized no new right to the effective assistance of counsel during the pleading stage. The above analysis makes clear that Williams had his claims of ineffective assistance fully considered by this court in his direct appeal. His claims were unsuccessful, not because they were not properly considered or considered under some outdated version of ineffective assistance of counsel law. His arguments were determined to be without merit. Because these claims have been previously considered, res judicata bars their further review. We therefore reject Williams's attempt to avoid the time bar to his postconviction relief motion.

{¶15} Finally, in his motion to vacate, Williams argued that the trial court was without subject matter jurisdiction at the time he was convicted because he was unlawfully arrested and subjected to an illegal search. In denying the motion, the court stated in its journal entry that "any claim or argument with respect to subject matter jurisdiction has been waived by [Williams's] knowing, intelligent and voluntary guilty plea." Williams argues that this determination by the trial court is incorrect.

{¶16} Although incorrectly referenced as being without subject matter jurisdiction, we interpret the trial court's entry as recognizing the fact that once Williams pleaded guilty, he waived the right to challenge the court's authority to preside over his case on the basis that arrest and search warrants issued against him were invalid. This was a

proper determination by the court.  *See State v. Montgomery*, 2d Dist. Montgomery No. 21507, 2007-Ohio-440, _ 18-19 (the court overruled the defendant's assignment of error attacking the lawfulness of the search warrant and found that since the defendant pleaded guilty, he waived any error in the proceedings that did not implicate the validity of the guilty plea).  By entering a plea of guilty, a criminal defendant does not waive his objections to the subject matter jurisdiction of the court.  *See State v. Hollis*, 91 Ohio App.3d 371, 632 N.E.2d 935 (8th Dist.1993).

{**¶17**} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.    A    certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR