[Cite as *State v. Williams* , 2021-Ohio-1956.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellant,           :

    v.                                        :

MICAH WILLIAMS,                         :

    Defendant-Appellee.           :

No. 109903

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED; REMANDED
**RELEASED AND JOURNALIZED:** June 10, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-05-469067-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant, the state of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas granting judicial release to appellee Micah Williams ("Williams"), over the state's objection. This court has acknowledged that a

judgment granting judicial release is a modification of a sentence which the state has the right to appeal. *State v. Costlow,* 8th Dist. Cuyahoga No. 89501, 2008-Ohio-1097, ¶ 9.

{¶ 2} The state sets forth one assignment of error, specifically:

The trial court's decision granting judicial release and modifying appellee's sentence which was imposed for felonies of the first degree was contrary to law where the trial court failed to make findings on the record and list the factors presented at the hearing as required by R.C. 2929.20(J).

{¶ 3} The facts of this case are set forth in *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073, wherein this court affirmed the convictions but vacated that portion of the sentence ordering Williams to solitary confinement on both the victim's birthdays and the anniversaries of her death. A petition to this court for reopening, filed pro se, was denied. *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2008-Ohio-1099. Williams also filed, pro se, a complaint for a writ of procedendo which was denied. *Williams v. Russo,* 8th Dist. Cuyahoga No. 100450, 2014-Ohio-1439. Finally, in *State v. Williams,* 8th Dist. Cuyahoga No. 100639, 2014-Ohio-3589, this court affirmed the trial court's denial of his motion to vacate.

{¶ 4} Williams was sentenced to an aggregate term of 30 years: three of those being imposed for a firearm specification to be served prior, and consecutive, to consecutive terms of ten years for involuntary manslaughter, six years each for the crimes of aggravated robbery and kidnapping and five years for tampering with evidence. The trial court also imposed a term of five years of postrelease control.

{¶ 5} On July 7, 2020, Williams filed a motion for judicial release pursuant to R.C. 2929.20 to which the state filed a brief in opposition.

{¶ 6} On August 18, 2020, a hearing was held at which appellant was represented by an assistant Cuyahoga County prosecuting attorney who presented two family members of the victim of these crimes as well as Maple Heights Police Chief Todd Hansen, all of whom made statements to the court. Williams, represented by counsel, was present via video from a penal institution. Williams' counsel presented his mother who made a statement to the court. Counsel also presented to the court letters in support of Williams, including one from an individual who guaranteed employment for Williams.

{¶ 7} On August 20, 2020, the trial court granted Williams' motion for judicial release. The court found "after due consideration of the record, the exhibits admitted, R.C. 2929.11, the warden's report under R.C. 2929.20(G) and any oral or written statements prepared, and the statements of the victim or the victim's representative (if any), * * * that defendant is eligible for judicial release and has served any mandatory prison time."

{¶ 8} Williams was then placed on five years of community control sanctions with a multitude of conditions. He was further advised that a violation of community control sanctions would result in him serving the remainder of his sentence with five years of mandatory postrelease control.

**{¶ 9}** The state argues that, as Williams was imprisoned for several felonies of the first degree, the trial court was required, pursuant to R.C. 2929.20(J), to make specific findings, which the trial court failed to do in this case.

**{¶ 10}** R.C. 2929.20(J)(1) provides:

A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:

(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense.

**{¶ 11}** Pursuant to R.C. 2929.20(J)(2), a court that grants a judicial release to an eligible offender under R.C. 2929.20(J)(1) shall specify on the record both the findings required in that division and also shall list all the factors described in that division that were presented at the hearing.

**{¶ 12}** Williams concedes that the trial court failed to make the necessary findings and, further, agrees with the state that unless and until those findings are made, this court cannot determine whether the decision of the trial court granting judicial release was supported by the record.

{¶ 13} The state's assignment of error is well taken. The trial court's judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR