OPINION
{¶ 1} Appellant, Lance Pough ("Pough"), appeals the August 27, 2003 judgment entry of the Trumbull County Court of Common Pleas dismissing his petition for post conviction relief as untimely. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On May 5, 2000, the Trumbull County Grand Jury returned a secret indictment against Pough for his role in the 1998 shooting-death of Braderick McMillan. Count one of the indictment charged him with one count of aggravated murder, in violation of R.C. 2903.01(A), including three death penalty specifications under R.C. 2929.04(A)(2), (3), (8), and a firearm specification under R.C. 2941.145(A). The second count of the indictment charged conspiracy to commit aggravated murder, in violation of R.C. 2923.01(A)(1) and R.C. 2903.02(A), including another firearm specification under R.C. 2941.145(A).
 {¶ 3} Pough originally entered a plea of not guilty to both counts on May 12, 2000. Pursuant to the terms of a subsequent plea agreement, Pough entered a guilty plea to an amended version of count two of the indictment on May 16, 2000. As amended, count two charged Pough with complicity to commit murder, in violation of R.C. 2923.03(A)(1) and R.C. 2903.02(A), including a firearm specification. Upon Pough's motion, the trial court nolled count one of the indictment. On November 15, 2000, Pough was sentenced to fifteen years to life in prison, with three years for the firearm specification, to be served concurrently with the sentence Pough is currently serving in Federal Case No. 4:98-CR-234.
 {¶ 4} On December 13, 2002, in State v. Pough, 11th Dist. No. 2000-T-0151, 2002-Ohio-6927, this court affirmed the validity of Pough's guilty plea.
 {¶ 5} On July 15, 2003, Pough filed a petition for postconviction relief along with motions to "stay" postconviction proceedings, for the appointment of counsel, for grand jury minutes, and for the production of trial court docket sheets. The trial court denied Pough's motions and dismissed the petition in a judgment entry dated August 27, 2003. This appeal timely follows.
 {¶ 6} Pough raises the following assignments of error:
 {¶ 7} "[1.] The court committed error when it failed to find `cause' existed under the circumstances of this case; and failed to grant the defendant jurisdiction to have his claims heard.
 {¶ 8} "[2.] The common pleas court erred by failing to hold a hearing on the `cause' issue to determine if the defendant[']s circumstances demonstrate cause for his failure to file a timely post-conviction petition." [Sic.]
 {¶ 9} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." The transcript in Pough's direct appeal was filed on May 7, 2001. Therefore, Pough had until October 28, 2001, to file a petition for postconviction relief. Pough's petition, filed on July 15, 2003, is untimely.
 {¶ 10} Pursuant to R.C. 2953.23(A)(1), a court may consider an untimely petition for postconviction relief only if: "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, [subsequent to the time for filing a petition], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." This court has held: "No otherexcuses will be accepted." State v. Beaver (1998),131 Ohio App.3d 458, 462 (emphasis added).
 {¶ 11} Pough does not argue that either of the requirements of R.C. 2953.23 apply to his untimely petition. Pough argues instead, in his first assignment of error, that his untimely petition should be considered for "cause" under the United States Supreme Court's decision of McCleskey v. Zant (1991),499 U.S. 467. Pough maintains that he was unable to file a timely petition because he did not have access to the relevant Ohio statutes or case law on account of his incarceration at the Allenwood Federal Correction Institution in Pennsylvania.
 {¶ 12} The McCleskey case involved the application of the "abuse of the writ" doctrine to a federal death row inmate's repeated petitions for habeas corpus. Id. at 477. In resolving this issue, the Supreme Court applied what is properly known as "cause and prejudice analysis" to cases involving the alleged abuse of the writ of habeas corpus. Id. at 494. The "cause and prejudice" doctrine, however, originally applied to federal habeas corpus claims that were barred because of procedural default, such as failing to exhaust all state remedies. Id. at 493.
 {¶ 13} The "cause and prejudice" doctrine provides as follows: "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."Coleman v. Thompson (1997), 501 U.S. 722, 750. The "cause and prejudice" doctrine has been applied in situations where prisoners have alleged that their failure to exhaust state remedies was the result of their incarceration in foreign jurisdictions where they did not have access to the case law and rules of the state in which they were convicted. Morgan v.Huffman (Feb. 8, 1994), 6th Cir. No. 93-5297, 1994 U.S. App. LEXIS 2330, at *4-*5; Dulin v. Cook (C.A. 10 1992),957 F.2d 758, 760.
 {¶ 14} Pough argues that the "cause and prejudice" standard should apply to his petition for postconviction relief since he was incarcerated in a federal facility in Pennsylvania and, therefore, deprived of access to the sources of Ohio law. We disagree. The "cause and prejudice" standard only properly applies to federal habeas corpus petitions. We are not aware of any Ohio case where it has been applied to untimely postconviction relief petitions under R.C. 2953.21.[1] InBeaver, this court held that the only exceptions to the "absolute prohibition on considering the merits of an untimely petition" are those contained in R.C. 2953.23.131 Ohio App.3d at 462. In State v. Gibson (Jan. 19, 2001), 11th Dist. No. 99-P-0114, 2001 Ohio App. LEXIS 162, this court rejected the argument that R.C. 2953.23 is in conflict with federal habeas corpus law. This court noted that "R.C. 2953.23's provision for untimely filing of a petition when unavoidably prevented from discovering facts is similar to the `cause and prejudice' test"; that the Ohio Supreme Court allows for habeas corpus in "certain extraordinary circumstances" where the remedies of direct appeal and postconviction relief are not available; and that nothing in Ohio law prevents the petitioner from raising his claims in a federal habeas corpus petition. Id. at *5-*6 (citation omitted). Cf. State v. Stearns (Feb. 14, 2002), 8th Dist. No. 76513, 2002 Ohio App. LEXIS 770, at *4 (as regards an App.R. 26(B) motion to reopen, "the courts have * * * repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing").
 {¶ 15} Since Pough's petition does not meet the requirements of R.C. 2953.32(A), the trial court did not err by dismissing his petition as untimely. Pough's first assignment of error is without merit.
 {¶ 16} Pough's second argument is that the trial court erred by not holding a hearing to determine if the circumstances alleged in the petition demonstrate adequate "cause" for his failure to file a timely petition. Pough cites no authority for this proposition and we summarily reject it. Since we have held that the "cause and prejudice" standard does not apply to postconviction petitions filed pursuant to R.C. 2953.21, it is immaterial whether Pough's claim that he was not able to access Ohio legal materials is substantiated. The trial court would not have jurisdiction to consider Pough's petition even if his allegations were true. Therefore, a hearing on the reason for the untimeliness of Pough's petition would serve no purpose. Finally, we point out that there is no automatic right to a hearing in postconviction relief proceedings even where the petition is timely filed. State v. Johnson (Feb. 9, 2001), 11th Dist. No. 99-T-0143, 2001 Ohio App. LEXIS 494, at *8, citing State v.Calhoun, 86 Ohio St.3d 279, 282, 1999-Ohio-102.
 {¶ 17} In the present case, Pough does not argue that his petition meets either of the requirements of R.C. 2953.23(A). We note that Pough's conviction was the result of a guilty plea he entered. Therefore, Pough's petition cannot meet the requirement of R.C. 2953.23(A)(1)(b) that, "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." Where a petitioner's conviction results from a guilty plea rather than trial, R.C. 2953.23(A)(1)(b) does not apply. State v.Moore, 8th Dist. No. 82734, 2003-Ohio-4819, at ¶ 16; State v.Klepper (July 20, 2001), 11th Dist. No. 2000-P-0053, 2001 Ohio App. LEXIS 3280. at *6 (citation omitted).
 {¶ 18} Pough's second assignment of error is without merit.
 {¶ 19} For the foregoing reasons, the decision of the Trumbull County Court of Common Pleas dismissing Pough's petition for postconviction relief is affirmed.
O'Neill, J., concurs, Christley, J., concurs in judgment only.
[1] In Ohio, the "cause and prejudice" standard as set forth inMcCleskey has been applied in only two situations. The first concerns the circumstances in which a court may refuse to consider the repeated postconviction relief petitions of death row inmates. See, e.g., State v. Steffen (1994),70 Ohio St.3d 398, 411-412. In the second situation, courts has cited toMcCleskey for the proposition that the principles of res judicata apply to postconviction relief proceedings. See, e.g.,State v. Apanovitch (1995), 107 Ohio App.3d 82, 87-90.