THE STATE EX REL. NON-EMPLOYEES OF CHATEAU ESTATES
RESIDENT ASSOCIATION ET AL., APPELLANTS, *v.*
KESSLER, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Non–Employees of Chateau Estates Resident Assn. v. Kessler,* 107 Ohio St.3d 197, 2005-Ohio-6182.]

(No. 2005–1037—Submitted October 12, 2005—Decided December 7, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for writs of mandamus and procedendo.

{¶ 2} Appellant Non–Employees of Chateau Estates Resident Association is an unincorporated association of residents of Chateau Estates, Ltd. ("Chateau Estates"), a mobile-home park located in German Township, Clark County, Ohio. Appellant Sharron Wright is a member and secretary of the association.[1]

{¶ 3} According to a Second District Court of Appeals opinion in a related case, in March 2001, the association sent a letter to the owner of Chateau Estates concerning the following alleged deficiencies in the park: (1) deteriorating streets, (2) vermin and stray-animal problems, (3) poor maintenance and interruption of water service, (4) deteriorating vacant homes, and (5) lack of recreational areas. *Non–Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.,* Clark App. No. 2002–CA–68, 2003-Ohio-2514, 2003 WL 21121992, ¶ 4. After Chateau Estates did not respond, the association filed a complaint in the Clark County Municipal Court. Id. at ¶ 5.

{¶ 4} Following a trial, appellee Judge William E. Kessler, sitting by assignment in the municipal court, determined that Chateau Estates had violated R.C. 3733.10 by failing to maintain the park's water system. *Non–Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.* (July 26, 2002), Clark M.C. Nos. 01–CVH–1647 and 01–CVH–1996. Judge Kessler determined that the water system was not providing safe water to the residents because the water

---

1. For purposes of this opinion, appellants are hereafter referred to as the association.

contained elevated levels of arsenic and iron. Id. But Judge Kessler found that the association had not established any of the other claimed violations of R.C. 3733.10. Id. Judge Kessler ordered that rental money that had been deposited with the court by the association be released to Chateau Estates to pay for improvements to the water system, that the water be tested regularly under the direction of the Ohio EPA, and that if any test indicated arsenic or iron content above acceptable levels, Chateau Estates was to provide safe drinking water to its residents.

{¶ 5} On appeal, in a May 16, 2003 decision, the Court of Appeals for Clark County reversed the municipal court's judgment in part. *Chateau Estates*, 2003-Ohio-2514, 2003 WL 21121992. The court of appeals held that the municipal court's remedy for the unsafe drinking water was vague, and so it ordered that the case "be remanded to the trial court with instructions to enter an order specifying the terms for testing the water, for remedying the underlying problem, and for providing short-term, immediate relief to the residents." Id. at ¶ 29.

{¶ 6} On remand, Judge Kessler issued a new decision on December 2, 2003. *Non–Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.* (Dec. 2, 2003), Clark M.C. No. 01–CVH–1647. Judge Kessler ordered that the water at Chateau Estates be tested monthly for arsenic and iron by an EPA-approved laboratory and that the testing be paid for from the rental deposits made to the municipal court. Id. By agreement of the parties and to immediately provide an alternative source of water to the park residents, Judge Kessler ordered that Chateau Estates reduce monthly rent by $13 per person per household so that the residents could buy bottled water. Id. Judge Kessler specified that Chateau Estates could not increase rent to offset this cost and that it could not increase the rent in excess of any normal increase. Id. Judge Kessler also ordered that "a final permanent supply of potable water * * * be made available to the [residents] on or before December 31, 2004." Id.

{¶ 7} On appeal, the court of appeals affirmed Judge Kessler's December 2, 2003 order and reversed a separate order concerning attorney fees. *Non–Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.*, Clark App. Nos. 2004 CA 19 and 2004 CA 20, 2004-Ohio-3781, 2004 WL 1587234. The court of appeals concluded that Judge Kessler had complied with the court of appeals' May 16, 2003 decision and that the court had not required a particular remedy in its earlier decision. Id. at ¶ 15–16. We declined jurisdiction over an appeal and cross-appeal from the judgment. 103 Ohio St.3d 1526, 2004-Ohio-5852, 817 N.E.2d 409.

{¶ 8} The association subsequently moved for a municipal court order restricting rent increases and requiring more immediate relief from the poor water conditions. On December 3, 2004, Judge Kessler denied the motions because

there was no evidence that Chateau Estates had raised the rent in excess of normal increases and the parties had previously agreed to a rent reduction to compensate the residents for purchases of potable drinking water. *Non–Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.* (Dec. 3, 2004), Clark M.C. No. 01–CVH–1647.

{¶ 9} On January 3, 2005, the association filed a complaint in the Court of Appeals for Clark County. In its amended complaint, the association sought writs of mandamus and procedendo compelling appellees, Judge Kessler and Judge Eugene Nevius, the presiding judge of the Clark County Municipal Court, to provide the "immediate, intermediate, and long-term effective relief to which [the association is] entitled." [2] The association claimed that the judges had failed to comply with the court of appeals' May 16, 2003 mandate that the municipal court "enter an order specifying the terms for testing the water, for remedying the underlying problem, and for providing short-term, immediate relief to the residents." See *Chateau Estates,* 2003-Ohio-2514, 2003 WL 21121992, ¶ 29. The association further claimed that Judge Kessler had abused his discretion by extending the original December 31, 2004 deadline to correct the water problems.

{¶ 10} Judge Kessler and Judge Nevius moved to dismiss the association's complaint.

{¶ 11} On April 27, 2005, the court of appeals granted the judges' motion and denied the writs.

{¶ 12} This cause is now before the court upon the association's appeal as of right.

{¶ 13} The association asserts that the court of appeals erred in dismissing its claims for writs of mandamus and procedendo because Judge Kessler and Judge Nevius failed to comply with the May 16, 2003 judgment of the court of appeals.

{¶ 14} "The portion of the [law-of-the-case] doctrine generally applied in extraordinary-writ cases provides that '[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.'" *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus. Writs of mandamus and procedendo are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court. *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888 (mandamus and prohibition); *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 185, 652 N.E.2d 742 (procedendo).

---

2. The association also requested that Judge Kessler and Judge Nevius award attorney fees, but the association now concedes that this issue is moot.

{¶ 15} Neither Judge Kessler nor Judge Nevius failed to comply with the court of appeals' May 16, 2003 decision ordering the municipal court to "enter an order specifying the terms for testing the water, for remedying the underlying problem, and for providing short-term immediate relief to the residents." Judge Kessler complied with that mandate by issuing orders specifying the water-testing terms, setting a deadline to fix the problem, and providing for a rent reduction so that residents could purchase bottled water. And Judge Nevius was not even assigned to the case.

{¶ 16} In fact, the court that issued the May 16, 2003 order that the association seeks to enforce—the Second District Court of Appeals—found no disregard of its mandate by the municipal court. *Chateau Estates,* 2004-Ohio-3781, 2004 WL 1587234. That court could best determine whether Judge Kessler had disregarded its mandate. See *State ex rel. Borden v. Hendon,* 96 Ohio St.3d 64, 2002-Ohio-3525, 771 N.E.2d 247, ¶ 9.

{¶ 17} The association also asserts that writs of mandamus and procedendo should issue because Judge Kessler abused his discretion in extending his original December 31, 2004 deadline for Chateau Estates to make a final, permanent supply of potable water available for the residents. But this argument lacks merit because "neither mandamus nor procedendo can be used to control judicial discretion, even if * * * that discretion is abused." *State ex rel. Tenace v. Court of Claims* (2002), 94 Ohio St.3d 319, 322, 762 N.E.2d 1009.

{¶ 18} Finally, "neither a writ of procedendo nor a writ of mandamus will issue if an adequate remedy exists in the ordinary course of law." *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 8. As the court of appeals noted, the association has adequate remedies at law by way of their appeals pending in that court from Judge Kessler's orders.

{¶ 19} Based on the foregoing, the association's claims for extraordinary relief in mandamus and procedendo lacked merit. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Daniel C. Harkins, for appellants.

Andrew J. Burkholder, Acting Springfield Law Director, for appellees.