THE STATE EX REL. BOARD OF STATE TEACHERS RETIREMENT SYSTEM OF OHIO, APPELLEE, *v.* DAVIS, JUDGE, ET AL., APPELLANTS.

[Cite as *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis,* 113 Ohio St.3d 410, 2007-Ohio-2205.]

(Nos. 2006–2006, 2006–2172, and 2006–2173—Submitted March 13, 2007—Decided May 23, 2007.)

---

**Per Curiam.**

{¶ 1} This is a consolidated appeal from a judgment granting a writ of procedendo to compel a common pleas court judge to conduct a retrial of those claims upon which the jury could not reach a verdict in a civil action and denying motions to intervene in the procedendo case. We affirm.

### Board Lawsuit Against Medco and Merck

{¶ 2} The State Teachers Retirement System of Ohio entered into contracts with appellants Medco Health Solutions, Inc. and affiliated companies ("Medco") in 1993, 1996, and 1999, under which Medco acted as a pharmacy benefit manager for the retirement system.

{¶ 3} In December 2003, appellee, the Board of the State Teachers Retirement System of Ohio, filed a civil action in the Hamilton County Court of Common Pleas against appellants Medco and its parent company, Merck & Company, Inc. ("Merck"). The board alleged that Medco had breached its contracts by failing to

pay approximately $50 million in rebates that Medco owed to the retirement system and by charging mail-order dispensing fees that Medco had agreed not to charge. The board further alleged that Medco committed fraud and breached its fiduciary duty to the retirement system, unlawfully acting to benefit Medco and Merck. The board sought compensatory and punitive damages as well as an award of attorney fees against Medco. The board also claimed that Merck was jointly liable for Medco's actions and that Merck had tortiously interfered with the contractual or business relationship between the board and Medco.

{¶ 4} On December 19, 2005, following a four-week trial and many days of deliberations, a jury returned a verdict in favor of the board on its claims against Medco for breach of fiduciary duty and constructive fraud and awarded the board a total of $7,815,000 in compensatory damages. The jury further found that Merck was jointly liable for Medco's actions.

{¶ 5} The jury found in favor of Medco on the board's claim for breach of contract concerning the mail-order dispensing fees and in favor of Merck on the board's tortious-interference claim.

{¶ 6} The jury could not, however, reach a verdict and failed to answer special interrogatories on the board's remaining request for punitive damages and breach-of-contract claim concerning rebates. The jury left interrogatories on these matters blank. Appellant Judge David P. Davis of the common pleas court declared the jury hung on these issues and discharged the jury, but he did not declare a mistrial or schedule a retrial on the undecided matters. Judge Davis and the parties agreed that the normal time limits for posttrial matters would be extended to 45 days.

## Initial Posttrial Matters

{¶ 7} The board filed proposed entries, including one that would declare a mistrial and set a retrial of the unresolved issues. Medco filed a motion for judgment notwithstanding the verdict on these issues, claiming that the evidence was insufficient to support either the board's claims for breach of contract on rebates or punitive damages regardless of the jury's failure to reach a verdict on these issues.

{¶ 8} At a hearing on the posttrial matters, Judge Davis stated that he would deny Medco's motion for judgment notwithstanding the verdict on the unresolved matters and that the board had waived its right to a retrial of these issues because it did not file a motion within 14 days after the jury had been discharged.

## February 22, 2006 Entry

{¶ 9} On February 22, 2006, Judge Davis issued a "final judgment entry" in the case, which included the following language:

{¶ 10} "This action came on for trial before the Court and a jury, and the issues having been duly tried and the jury having duly rendered its verdict,

{¶ 11} "IT IS ORDERED AND ADJUDGED that the Plaintiff, Board of the State Teachers Retirement System of Ohio, recover of the Defendants, Medco Health Solutions, Inc. and Merck & Company, Inc., jointly and severally, the sum of $7,815,000, and the costs of this action.

{¶ 12} "Pursuant to Ohio Civil Rule 54(B), this Court expressly determines that there is no just reason for delay."

{¶ 13} Shortly thereafter, Judge Davis issued an entry denying Medco's motion for judgment notwithstanding the verdict on the unresolved claims.

### Appeals from February 22, 2006 Entry

{¶ 14} The Court of Appeals for Hamilton County dismissed appeals from Judge Davis's February 22, 2006 entry for lack of a final appealable order and denied Medco's request for clarification regarding whether Judge Davis had erred in ruling that the board had waived its right to a retrial of the unresolved issues. We declined to accept Medco's and Merck's discretionary appeals from the court of appeals' judgment. *Bd. of State Teachers Retirement Sys. of Ohio v. Medco Health Solutions, Inc.*, 110 Ohio St.3d 1466, 2006-Ohio-4288, 852 N.E.2d 1214.

### Additional Posttrial Motions

{¶ 15} The board filed motions in the common pleas court for a new trial on the unresolved issues, or in the alternative, for relief from any judgment on these issues, as well as a motion for judgment notwithstanding the verdict or new trial on the claims that the jury had decided against the board.

{¶ 16} Medco filed a motion for the common pleas court to journalize Judge Davis's previous oral ruling concerning the board's waiver of its right to a new trial and to amend the court's February 22, 2006 entry.

### September 5, 2006 Entry

{¶ 17} On September 5, 2006, Judge Davis issued the following "order and final judgment entry":

{¶ 18} "This action came on for trial before the Court and a jury, and the issues having been duly tried and the jury having duly rendered its verdict,

{¶ 19} "IT IS ORDERED AND ADJUDGED that the Plaintiff, Board of the State Teachers Retirement System of Ohio, recover of the Defendants [Medco and Merck], jointly and severally, the sum of $7,815,000, and the costs of this action.

{¶ 20} "Plaintiff's Motion to Submit Supplement Argument for Consideration by the Court and Argument is hereby DENIED.

{¶ 21} "Plaintiff's Motion for a New Trial or, in the Alternative for Relief from Judgment and a New Trial, on the Hung Jury Issues is hereby DENIED. The Court holds that Plaintiff has waived its right to a new trial for failure to file a timely motion pursuant to Ohio Rules of Civil Procedure 50(B) and 6(B).

{¶ 22} "Plaintiff's Motion for Judgment Notwithstanding the Verdict Pursuant to Rule 50(B) and Motion for a New Trial Pursuant to Rule 59 is hereby DENIED.

{¶ 23} "Medco's Motion to Journalize the Court's Ruling on Rule 50(B) Waiver and to Amend its Final Judgment Entry Proposed Order and Entry Attached, in which Merck & Co., Inc. has joined, is hereby GRANTED."

### Appeals from Sept. 5, 2006 Entry

{¶ 24} The board, Medco, and Merck filed separate appeals from Judge Davis's September 5, 2006 entry. The board filed a motion for extraordinary relief and to dismiss its "protective" appeal for lack of a final appealable order. The court of appeals issued three separate entries dismissing the appeals for lack of a final appealable order.

{¶ 25} Medco and Merck appealed these entries to this court in case Nos. 2006–2169 (Medco), 2006–2170 (Merck), and 2006–2171 (Medco and Merck). These are all pending before us as discretionary appeals.

### Procedendo Action

{¶ 26} On September 8, 2006, the board filed a petition in the Court of Appeals for Hamilton County for a writ of procedendo or mandamus to compel Judge Davis "to proceed with retrial of each claim and issue not previously decided by the jury." In its petition, the board named Judge Davis as a respondent and Medco and Merck as defendants. A copy of the petition was served on Judge Davis, Medco, and Merck.

{¶ 27} On October 12, 2006, the court of appeals issued entries denying Medco's and Merck's motions to intervene, denying Judge Davis's motion to dismiss, and granting a peremptory writ of procedendo to compel Judge Davis to "proceed with retrial of those claims or causes of action upon which the jury could not reach a verdict."

{¶ 28} Judge Davis, Medco, and Merck filed appeals as of right from the court of appeals' judgment granting the writ (case No. 2006–2006), Medco appealed the court of appeals' denial of its motion to intervene and the judgment granting the writ (case No. 2006–2172), and Merck appealed the court of appeals' denial of its motion to intervene and the judgment granting the writ (case No. 2006–2173).

{¶ 29} On December 19, 2006, we consolidated the three direct appeals from the writ case: case Nos. 2006–2006, 2006–2172, and 2006–2173. *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis,* 112 Ohio St.3d 1411, 2006-Ohio-6709, 858 N.E.2d 821. We also consolidated the three discretionary appeals from the court of appeals' dismissal of appeals from Judge Davis's September 5, 2006 entry (case Nos. 2006–2169, 2006–2170, and 2006–2171) for lack of a final appealable order and held them for the decisions in the direct appeals. *Bd. of State Teachers Retirement Sys. of Ohio v. Medco Health Solutions, Inc.,* 112 Ohio St.3d 1411, 2006-Ohio-6709, 858 N.E.2d 821.

{¶ 30} On January 24, 2007, we denied Medco's and Merck's motion to stay the court of appeals' judgment granting the writ of procedendo. *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis,* 112 Ohio St.3d 1438, 2007-Ohio-152, 860 N.E.2d 764.

{¶ 31} This cause is now before the court for its consideration of the merits of the consolidated appeals from the court of appeals' issuance of the writ of procedendo and denial of Medco's and Merck's motions to intervene.[1]

## Procedendo: Legal Right and Legal Duty

{¶ 32} Appellants assert that the court of appeals erred in granting a writ of procedendo to compel Judge Davis to retry the claims upon which the jury failed to reach a verdict.

{¶ 33} In order to be entitled to a writ of procedendo, the board had to establish a clear legal right to require Judge Davis to retry the unresolved claims, a clear legal duty on the part of Judge Davis to retry these claims, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 531–532, 705 N.E.2d 1227.

{¶ 34} Regarding the first two requirements for the writ, procedendo is the appropriate remedy when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. CNG Financial Corp. v. Nadel,* 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 20. An "inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 110, 637 N.E.2d 319; *State ex rel. Rodak v. Betleski,* 104 Ohio St.3d 345, 2004-Ohio-6567, 819 N.E.2d 703, ¶ 16. For example, "a writ of procedendo will issue to require a court to proceed to final judgment if the court has erroneously stayed the proceeding." *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079.

---

1. We deny appellee's motion to dismiss these appeals.

{¶ 35} Judge Davis did not declare a mistrial and order a retrial of the issues upon which the jury failed to answer interrogatories. Civ.R. 49(B) requires a court to "submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument" and further requires the court to "direct the jury both to make written answers and to render a general verdict." The jury failed to answer the interrogatories concerning the board's claims for punitive damages and breach of contract concerning rebates, and the jury's general verdict included no decision on these matters.

{¶ 36} "The failure of a jury to answer such interrogatories constitutes a mistrial and necessitates a new trial." *Aetna Cas. & Sur. Co. v. Niemiec* (1961), 172 Ohio St. 53, 15 O.O.2d 94, 173 N.E.2d 118, paragraph four of the syllabus. In other words, "[t]he function of a jury is to decide the questions of fact. Until this has been accomplished the trial has not been completed and the case must be retried." Id. at 55, 15 O.O.2d 94, 173 N.E.2d 118.

{¶ 37} Judge Davis ruled, however, based on Medco's and Merck's arguments, that the board had waived its right to a retrial because the board had failed to file a timely motion for a new trial within 14 days of the discharge of the jury pursuant to Civ.R. 50(B). This ruling lacks merit because regardless of whether a timely motion for a new trial had been filed, a new trial was necessary.

{¶ 38} "The plaintiff complains that the defendant's motion for a new trial was not seasonably filed. One difficulty with this contention is that, *with or without a motion for a new trial, a new trial was necessary since the first trial never was completed.*" (Emphasis added.) *Aetna,* 172 Ohio St. at 56, 15 O.O.2d 94, 173 N.E.2d 118.

{¶ 39} Nothing in Civ.R. 50(B) alters this conclusion. That rule authorizes a motion for judgment notwithstanding the verdict to be filed within 14 days after the jury has been discharged "if a verdict was not returned" and additionally permits a party to file a motion for a new trial in conjunction with the motion. Civ.R. 50(B) reads: "[I]f a verdict was not returned such party, within fourteen days after the jury has been discharged, may move for judgment in accordance with his motion. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative." But the board never filed a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B) on the unresolved matters because it did not believe it was entitled to a final judgment in its favor on these unresolved issues. The board did not need to join a new-trial motion to a nonexistent motion for judgment notwithstanding the verdict on the unresolved claims. And in any event, Civ.R. 50(B) does not require that a party file a new-trial motion in conjunction with a motion for judgment notwithstanding the verdict; the rule merely permits a party to do so. Consequently,

the board was not required to file a new-trial motion within the time specified in Civ.R. 50(B) in order to preserve its right to a retrial of the unresolved claims.

{¶ 40} Finally, the trial court judge's citation of *Napierala v. Szczublewski*, Lucas App. No. L–02–1025, 2002-Ohio-7109, 2002 WL 31846301, in support of its finding that the board had waived its right to pursue a new trial is inapposite because the claim in that case was of alleged *inconsistencies* in jury interrogatories. There are no inconsistencies here. Instead, there is a failure to answer some of the interrogatories.

{¶ 41} Therefore, the board has established a clear legal right to require Judge Davis to retry the unresolved matters and a clear legal duty on the part of Judge Davis to proceed with the retrial.

## Procedendo: Lack of Adequate Remedy

{¶ 42} Appellants contend that even if the board has a right to retrial of the unresolved claims, the court of appeals erred in granting a writ of procedendo to compel the retrial because the board had an adequate remedy in the ordinary course of law by way of appeal from either the February 22, 2006 entry or the September 5, 2006 entry.

{¶ 43} Appellants correctly assert that procedendo is not appropriate when the party seeking the writ has an adequate remedy in the ordinary course of law, e.g., appeal. See *State ex rel. Non–Employees of Chateau Resident Assn. v. Kessler*, 107 Ohio St.3d 197, 2005-Ohio-6182, 837 N.E.2d 778, ¶ 18.

{¶ 44} Nevertheless, the September 5, 2006 entry issued by Judge Davis is not a final appealable order. Under Section 3(B)(2), Article IV of the Ohio Constitution, courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.03(A) limits the appellate jurisdiction of courts of appeals to the review of final orders, judgments, or decrees. An order is a final appealable order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶ 45} " 'For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' " *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 20, quoting *Hamilton Cty. Bd. of Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 153, 545 N.E.2d 1260. " 'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.' " *State ex rel. Keith*

*v. McMonagle,* 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶ 4, quoting *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241.

{¶ 46} As noted previously, because the jury did not answer the interrogatories and determine the board's claims for punitive damages and for breach of contract concerning rebates, the trial has not been completed, and a retrial must be ordered. *Aetna,* 172 Ohio St. at 55, 15 O.O.2d 94, 173 N.E.2d 118. Because Judge Davis's September 5 entry leaves these claims unresolved, it does not constitute a final appealable order. Notably, the board's request for " 'punitive damages is not a separate claim in itself but rather an issue in the overall claim for damages.' " *Hitchings v. Weese* (1997), 77 Ohio St.3d 390, 391, 674 N.E.2d 688 (Resnick, J. concurring), quoting *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282, 288, 640 N.E.2d 857; see, also, *Blosser v. Beck* (Sept. 18, 1996), Fairfield App. No. 95 CA 31, 1996 WL 570867, *1 (appeal from entry resolving compensatory damages claim dismissed for lack of final appealable order because claims for punitive damages and attorney fees had not been determined).

{¶ 47} Moreover, the trial court's determination of waiver of a new trial—in addition to being erroneous—did not effect a final judgment in favor of either the board or Medco and Merck on the unresolved claims. In fact, Judge Davis had denied Medco's and Merck's motion for judgment notwithstanding the verdict on these claims. Consequently, the trial court's waiver ruling did not determine the action and prevent a judgment.

{¶ 48} Further, the mere fact that Judge Davis ruled on various posttrial motions in his September 5 entry did not transform the interlocutory order into a final appealable order. See, e.g., *Schelich v. Theatre Effects, Inc.* (1996), 111 Ohio App.3d 271, 272, 675 N.E.2d 1349 ("a default judgment which continued the matter to determine damages failed to constitute a final, appealable order. Thus, any judgment vacating that order was also not a final, appealable order"); *Pinson v. Triplett* (1983), 9 Ohio App.3d 46, 9 OBR 49, 458 N.E.2d 461 ("Because [a default judgment setting a hearing on damages] is not a final appealable order * * *, the order declining to vacate it cannot be a final appealable order").

{¶ 49} Finally, Judge Davis's February 22, 2006 entry also does not support appellants' contention that an adequate remedy by way of appeal barred the board's procedendo claim. The court of appeals previously dismissed appeals from that entry for lack of a final appealable order, and we declined jurisdiction over Medco's and Merck's discretionary appeals from those dismissals. "Under the law-of-the-case doctrine, the denial of jurisdiction over a discretionary appeal by this court settles the issue of law appealed." *Sheaffer v. Westfield Ins. Co.,* 110 Ohio St.3d 265, 2006-Ohio-4476, 853 N.E.2d 275, syllabus. The court of appeals' prior determination that the February 22, 2006 entry is not a final

appealable order remained the law of the case for subsequent proceedings, including the procedendo case.

{¶ 50} Therefore, the board lacked an adequate remedy by way of appeal to challenge Judge Davis's entries.

## Conclusion

{¶ 51} Based on the foregoing, the court of appeals acted properly when it granted the writ of procedendo to compel Judge Davis to retry the unresolved claims. The board established all of the prerequisites for the requested extraordinary relief. Moreover, any error by the court of appeals in denying Medco's and Merck's motions to intervene in the procedendo case was not prejudicial because a consideration of their motions to dismiss would not have warranted modification of the court's judgment granting the writ. See *State ex rel. Kline v. Carroll,* 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 28 (any error in not granting motion to intervene in prohibition action was harmless when court of appeals' judgment granting the writ was appropriate). Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, O'CONNOR, LANZINGER and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur separately.

---

**LUNDBERG STRATTON, J., concurring.**

{¶ 52} Although I concur in the opinion of the majority, I write separately to acknowledge that Judge Davis has complied with the order of the court of appeals in that he has ordered a retrial of the issues before a visiting judge.

{¶ 53} However, that fact does not moot this case, as the underlying issue is whether a writ of procedendo was the appropriate legal vehicle by which to challenge the issue of requiring a retrial. Our opinion resolves that legal issue in affirming that a writ of procedendo was the appropriate remedy here. The remaining issues may now proceed to a retrial. Because the legal issue was not mooted by the judge's compliance, I concur.

O'DONNELL, J., concurs in the foregoing opinion.

---

Waite, Schneider, Bayless & Chesley Co., L.P.A., Stanley M. Chesley, Paul M. DeMarco, Robert Heuck II, and W.B. Markovits, for appellee.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaefer and Colleen McCarren, Assistant Prosecuting Attorneys, for appellant Judge David P. Davis.

Roetzel & Andress, L.P.A., Ronald S. Kopp, and Stephen W. Funk, for appellants Medco Health Solutions, Inc. and affiliated companies, and Merck & Co., Inc.