THE STATE EX REL. NEGUSE, APPELLANT, v. McINTOSH, JUDGE, APPELLEE.

[Cite as *State ex rel. Neguse v. McIntosh,*
115 Ohio St.3d 216, 2007-Ohio-4788.]

(No. 2007–0668—Submitted September 12, 2007—Decided September 20, 2007.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of procedendo to compel a common pleas court judge to issue findings of fact and conclusions of law on the court's previous denial of a petition for postconviction relief. Because there was an adequate remedy in the ordinary course of law by way of appeal, we affirm.

{¶ 2} In 1990, the Franklin County Court of Common Pleas convicted appellant, Mekuria Neguse, of murder, having a weapon while under disability, and

various specifications and sentenced him to prison. On appeal, the court of appeals affirmed. *State v. Neguse* (1991), 71 Ohio App.3d 596, 594 N.E.2d 1116. In 1994, the common pleas court denied Neguse's petition for postconviction relief, and in 1995, the common pleas court issued a nunc pro tunc entry again denying the petition.

{¶ 3} In January 2000, Neguse filed a notice of appeal from the common pleas court's 1994 and 1995 judgments denying his petition for postconviction relief. A few months later, the court of appeals dismissed Neguse's appeal for lack of a timely notice of appeal. Neguse did not appeal the court of appeals' judgment. Neguse then filed several motions in the common pleas court requesting findings of fact and conclusions of law on the denial of his petition for postconviction relief. The common pleas court denied the last motion in April 2006.

{¶ 4} Shortly thereafter, Neguse filed a complaint in the Court of Appeals for Franklin County for a writ of procedendo to compel Judge Dale Crawford of the common pleas court to issue findings of fact and conclusions of law to support the denial of his petition for postconviction relief. Appellee, Judge Crawford's successor, Judge Stephen L. McIntosh, was substituted for Judge Crawford in this case. The court of appeals denied the writ.

{¶ 5} In his appeal as of right, Neguse asserts that the court of appeals erred in denying the writ of procedendo.

{¶ 6} A writ of procedendo will not issue if an adequate remedy exists in the ordinary course of law. *State ex rel. Non–Employees of Chateau Estates Resident Assn. v. Kessler*, 107 Ohio St.3d 197, 2005-Ohio-6182, 837 N.E.2d 778, ¶ 18. Neguse had adequate remedies by way of appeal, both from the court of appeals' 2000 dismissal of his untimely appeal of the common pleas court's denial of his petition for postconviction relief and from the common pleas court's denial of his motions for findings of fact and conclusions of law. See, e.g., *State ex rel. Atkins v. Hoover*, 97 Ohio St.3d 76, 2002-Ohio-5313, 776 N.E.2d 99, ¶ 6 (discretionary appeal from court of appeals' judgment provided adequate remedy at law, which precluded mandamus action).

{¶ 7} The fact that these remedies may no longer be available due to Neguse's failure to timely assert them does not render them inadequate. *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 9.

{¶ 8} Based on the foregoing, Neguse's procedendo claim lacks merit, and the court of appeals properly denied it. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Mekuria Neguse, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Paul Thies, Assistant Prosecuting Attorney, for appellee.