The State ex rel. George, Appellant, *v.* Burnside, Judge, Appellee.

[Cite as *State ex rel. George v. Burnside,*
118 Ohio St.3d 406, 2008-Ohio-2702.]

(No. 2008–0077—Submitted June 4, 2008—Decided June 11, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of procedendo to compel a common pleas court judge to issue findings of fact and conclusions of law on a petition for postconviction relief and to grant motions for a transcript of proceedings at state expense and for the appointment of counsel. Because the judge has no duty to issue findings of fact and conclusions of law on a successive, untimely petition for postconviction relief and has discretion to rule on the motions, we affirm the judgment denying the writ.

{¶ 2} Appellant, Anthony George, pleaded guilty to several crimes, including burglary and menacing by stalking, and was sentenced to prison. George filed a petition for postconviction relief, which was denied by appellee, Cuyahoga County Court of Common Pleas Judge Janet R. Burnside, because the petition was untimely.

{¶ 3} George subsequently filed motions for leave to amend or supplement his pleadings, as well as a proposed amended and/or supplemental petition for postconviction relief. Judge Burnside denied George's motion for leave to amend or supplement his pleadings. Judge Burnside also denied George's motions for preparation of a transcript of proceedings at state expense and for court-appointed counsel.

{¶ 4} In October 2007, George filed a complaint in the Court of Appeals for Cuyahoga County for a writ of procedendo to compel Judge Burnside to issue findings of fact and conclusions of law on the denial of his petitions for postconviction relief and to grant his motions for a transcript at state expense and counsel. Judge Burnside filed an answer and a motion for summary judgment. The court of appeals granted the motion for summary judgment and denied the writ.

{¶ 5} In his appeal as of right, George asserts that the court of appeals erred in denying the writ. For the following reasons, however, George's assertion lacks merit.

{¶ 6} First, Judge Burnside has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief. *State ex rel. Bunting v. Haas,* 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359, ¶ 11; *State ex rel. Ashipa v. Kubicki,* 114 Ohio St.3d 459, 2007-Ohio-4563, 872 N.E.2d 1235, ¶ 4 (the rule that a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief applies even when the defendant claims he was unavoidably prevented from discovering the facts to allow a timely claim).

{¶ 7} Second, insofar as George asserts that Judge Burnside abused her discretion by denying his motions for a transcript and appointment of counsel, procedendo cannot be used to control judicial discretion, even if that discretion is abused. *State ex rel. Non–Employees of Chateau Estates Resident Assn. v. Kessler,* 107 Ohio St.3d 197, 2005-Ohio-6182, 837 N.E.2d 778, ¶ 17. George has an adequate remedy by appeal to challenge the judge's rulings on his motions. "A writ of procedendo will not issue if an adequate remedy exists in the ordinary course of law." *State ex rel. Neguse v. McIntosh,* 115 Ohio St.3d 216, 2007-Ohio-4788, 874 N.E.2d 772, ¶ 6.

{¶ 8} Finally, George's reliance on United States Supreme Court cases interpreting procedural default with regard to federal habeas corpus is misplaced. See *State v. Keenan,* Cuyahoga App. No. 87713, 2006-Ohio-6031, 2006 WL 3317922, ¶ 12 (court declined to apply United States Supreme Court's reasoning regarding procedural default of a federal habeas corpus claim, observing that it was "unaware of any authority adopting [the United States Supreme Court's] reasoning under Ohio law"); *State v. Pough,* Trumbull App. No. 2003–T–0129, 2004-Ohio-3933, 2004 WL 1663519, ¶ 14 (federal procedural-default standard "only properly applies to federal habeas corpus petitions. We are not aware of any Ohio case where it has been applied to untimely postconviction relief petitions under R.C. 2953.21"); cf. *Casey v. Hudson,* 113 Ohio St.3d 166, 2007-Ohio-1257, 863 N.E.2d 171, ¶ 3 (court held that the appellant's reliance on federal habeas corpus cases was misplaced because the state writ of habeas corpus is not coextensive with the federal writ).

{¶ 9} Therefore, the court of appeals correctly denied the requested extraordinary relief in procedendo, and we affirm the judgment denying the writ.[1]

Judgment affirmed.

---

1. We deny George's motion to strike appellee's brief. Notwithstanding George's contention, Judge Burnside did not prematurely file her brief in this appeal.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Anthony George, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Diane Smilanick, Assistant Prosecuting Attorney, for appellee.