[Cite as *Dach v. Homewood*, 2013-Ohio-4340.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kristin Dach, | : | |
| Plaintiff-Appellant, | : | |
| Melody Daye Homewood, By and through her mother and next friend Kristin Dach, | : | No. 12AP-920 (C.P.C. No. 10DR-2706) |
| | : | |
| Plaintiff-Appellee, | : | (REGULAR CALENDAR) |
| v. | : | |
| David A. Homewood et al., | : | |
| Defendants-Appellees. | : | |
| Kristin Dach et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | No. 12AP-930 (C.P.C. No. 10DR-2706) |
| David A. Homewood, | : | |
| Defendant-Appellant, | : | (REGULAR CALENDAR) |
| 2Checkout.com, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 30, 2013

*Farlow and Associates, LLC, Beverly J. Farlow* and *Robert C. Petty*, for appellant Kristin Dach.

*Grossman Law Offices, Andrew S. Grossman* and *Jodi R. Smilack*, for appellee David A. Homewood.

APPEALS from the Franklin County Court of Common Pleas, Division of Domestic Relations

T. BRYANT, J.

{¶1}    Plaintiff-appellant/appellee, Kristin Dach ("Dach"), filed a complaint for divorce from defendant-appellee/appellant, David A. Homewood ("Homewood") on June 21, 2010.  The parties were married on June 1, 2004 and have one child together. After a lengthy trial, the trial court issued a judgment entry-decree of divorce on September 28, 2012, including a division of assets and resolving parenting issues.  Dach filed a notice of appeal and raised the following assignments of error:

> FIRST ASSIGNMENT OF ERROR:  THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT THE OHIO CONSTITUTION AND R.C. 3105.12(B)(1) PRECLUDE THE COURT FROM ADOPTING A DE FACTO DATE OF COMMENCEMENT OF THE PARTIES' MARRIAGE PURSUANT TO R.C. 3105.171.
>
> SECOND ASSIGNMENT OF ERROR:  THE TRIAL COURT ERRED BY FAILING TO DIVIDE THE MARITAL ESTATE EQUITABLY.
>
> THIRD ASSIGNMENT OF ERROR:  THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO INCLUDE HUSBAND'S ACTUAL INCOME FOR PURPOSES OF CALCULATING SUPPORT.
>
> FOURTH ASSIGNMENT OF ERROR:  THE COURT ERRED IN FINDING THAT DEFENDANT HAD A SEPARATE PROPERTY INTEREST IN THE JOINT UBS ACCOUNTS.
>
> FIFTH ASSIGNMENT OF ERROR:  THE COURT ABUSED ITS DISCRETION IN FINDING THAT 2CHECKOUT.COM HAD A VALUE OF $12,000,000 IN 2004.
>
> SIXTH ASSIGNMENT OF ERROR:  THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO AWARD ATTORNEY'S FEES TO PLAINTIFF.
>
> SEVENTH ASSIGNMENT OF ERROR:   THE COURT ERRED WHEN IT IMPUTED INCOME TO PLAINTIFF.
>
> EIGHTH ASSIGNMENT OF ERROR:  THE COURT ERRED IN FINDING THAT THE VALUE OF THE HOUSEHOLD GOODS AND FURNISHINGS WAS $59,002.

{¶2} Homewood also filed a notice of appeal and raised the following assignments of error:

> ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE 2010 VALUE OF 2CHECKOUT.COM.
>
> ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ERRED IN ITS SEPARATE PROPERTY FINDINGS.
>
> ASSIGNMENT OF ERROR NO. 3: THE TRIAL COURT ERRED IN ITS DIVISION OF SEPARATE AND MARITAL PROPERTY.
>
> ASSIGNMENT OF ERROR NO. 4: THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED SPOUSAL SUPPORT TO KRISTIN.

{¶3} The appeals were consolidated in this court. Before addressing any assignments of error, we must determine whether this judgment constitutes a final, appealable order, as this court may only entertain those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92 (1989). Ohio Constitution, Article IV, Section 3(B)(2) provides that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.03(A) also limits appellate jurisdiction of courts of appeals to the review of final orders, judgments or decrees. *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 44. A final order is statutorily defined by R.C. 2505.02, which provides, as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy * * *[;]

* * *

(5) An order that determines that an action may or may not be maintained as a class action[.]

{¶4} An order of a court is a final, appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. *Engineering Excellence Inc. v. Northland Assocs., LLC,* 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989). Civ.R. 54(B) permits a trial court to enter final judgment as to fewer than all the claims in an action involving multiple claims. Civ.R. 54(B) provides, as follows:

> When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶5} Civ.R. 75(F) provides requirements for a trial court in entering final judgment, as follows:

> For purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless one of the following applies:
>
> (1) The judgment also divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children;

(2) Issues of property division, spousal support, and allocation of parental rights and responsibilities or shared parenting have been finally determined in orders, previously entered by the court, that are incorporated into the judgment;

(3) The court includes in the judgment the express determination required by Civ.R. 54(B) and a final determination that either of the following applies:

(a) The court lacks jurisdiction to determine such issues;

(b) In a legal separation action, the division of the property of the parties would be inappropriate at that time.

{¶6} In *Wilson v. Wilson,* 116 Ohio St.3d 268, 2007-Ohio-6056, ¶ 15, the court summarized the requirements of a final order in a divorce proceeding, as follows:

Civ.R. 75(F) prohibits a trial court from entering a final judgment unless (1) the judgment divides the parties' property, determines the appropriateness of an order of spousal support, and allocates parental rights and responsibilities, including the payment of child support, or (2) the judgment states that there is no just reason for delay and that the court lacks jurisdiction to determine any issues that remain.

{¶7} In this case, the trial court judgment entry-decree of divorce ordered, as follows:

Hence, the Court hereby orders Defendant to prepare an accounting which documents the reduction in principal through marital funds and propose the same to Plaintiff and the Court within 30 days of the journalization of this Decree. Should he fail to do so, the Court shall deem him to have waived his argument, and the entire equity sum shall be treated as marital. In the event Plaintiff does not agree with Defendant's accounting, she shall have 30 days (after the date she receives Defendant's proposal) to submit her own proposal. Again, failure to timely comply shall constitute a waiver of the argument. These timelines are *firm,* and the parties shall not mutually agree to extend them.

(Emphasis sic.)

{¶8} Both parties filed supplemental memoranda after the trial court entry was filed regarding specific separate and marital property as ordered by the trial court. The

trial court did not address these rental properties and divide the property as to separate or marital in the September 28, 2012 order or afterwards. (Homewood, Oct. 29, 2012; Dach, Nov. 28, 2012.) Both parties argued to this court that the trial court did not comply with Civ.R. 75(F). The trial court in this case did not comply with Civ.R. 75(F) when it issued the divorce decree because it did not divide all of the parties' property nor state that there is no just reason for delay and that the court lacked jurisdiction to determine the remaining property valuation and division of assets. A divorce decree that does not totally resolve the parties' division of property is not a final, appealable order and must be dismissed because it does not constitute a final, appealable order. *Helmstedter v. Helmstedter*, 9th Dist. No. 24237, 2009-Ohio-3559, ¶ 15.

{¶9} Thus, we dismiss these appeals for lack of a final, appealable order because we do not have jurisdiction to consider the merits of these appeals.

*Appeals dismissed.*

DORRIAN and O'GRADY, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____