[Cite as *Williams v. Russo*, 2014-Ohio-1439.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 100450

## MICAH WILLIAMS

RELATOR

vs.

## JUDGE JOHN R. RUSSO

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Procedendo
Motion No. 470162
Order No. 472310

**RELEASE DATE:** March 28, 2014

**FOR RELATOR**

Micah Williams, pro se
Inmate No. 512-346
Marion Correctional Institution
940 Marion-Williamsport Road
Marion, OH    43302-0057

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113

KENNETH A. ROCCO, J.:

**{¶1}** Micah Williams has filed a complaint for a writ of procedendo, with "alternative relief requested." Williams advances a number of arguments attacking his plea, conviction, sentence, and the court's jurisdiction to preside over his criminal case. However, he also seeks an order from this court directing Judge John Russo to issue a ruling on his "motion to vacate or set aside sentence judgment, and conviction" that was filed on April 22, 2013, in *State v. Williams*, Cuyahoga C.P. No. CR-05-469067. Williams concedes in his pleadings that a ruling on that motion would render "this Writ of Procedendo" moot. Respondent has filed a motion for summary judgment indicating that the writ is moot because the subject motion was denied by an order dated November 1, 2013, and because Williams is not entitled to a writ of procedendo on any of his remaining claims. Williams has not opposed respondent's motion for summary judgment. For the reasons that follow, we grant Judge Russo's motion for summary judgment.

**{¶2}** Respondent notes that Williams failed to comply with R.C. 2969.25, which requires the attachment of an affidavit to the complaint for a writ of procedendo that describes each civil action or appeal filed within the

previous five years in any state or federal court. Williams's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of procedendo. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.

{¶3} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis,* 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 43 *(*"procedendo is not appropriate when the party seeking the writ has an adequate remedy in the ordinary course of law, e.g., appeal.") Further, this court has no jurisdiction to issue a declaratory judgment in an original action. *State ex rel. Ormond v. Solon*, 8th Dist. Cuyahoga No. 92272, 2009-Ohio-1097, ¶ 10, fn. 3, citing,

*State ex rel. Neer v. Indus. Comm.*, 53 Ohio St.2d 22, 371 N.E.2d 842 (1978).

{¶4} The attachment to the respondent's summary judgment motion establishes that Judge Russo has proceeded to judgment on the motion to vacate sentence, judgment, and conviction. Respondent denied the motion and specifically found that "any claim or argument with respect to subject matter jurisdiction has been waived by [Williams's] knowing, intelligent, and voluntary guilty plea." Williams has or had an adequate remedy at law to challenge all of the remaining allegations of his pleading, including the validity of the arrest warrant, the effectiveness of his representation, the legality of his arrest, and the court's exercise of jurisdiction over this matter. In fact, Williams pursued a direct appeal and has appealed the trial court's order dated November 1, 2013.

{¶5} Respondent's motion for summary judgment is granted and the application for a writ of procedendo is denied. Costs assessed against relator, however, costs are waived. This court further orders the Clerk of the Eighth District Court of Appeals to serve notice of this judgment upon all parties as required by Civ.R. 58(B).

{¶6} Writ denied.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR